Caress *v.* Foster *et al.*

---

CARESS *v.* FOSTER ET AL.

ACTION TO QUIET TITLE.—*Partition.—Deed Intended as Mortgage.— Fraudulent Conveyance.— Pleading.—Parties.*—In an action by the widow and heirs of an intestate, against A., B. and others, to quiet the title to, and partition, a certain tract of real estate, the complaint alleged that, in his lifetime, such intestate and his wife had conveyed said tract to A., by a deed absolute on its face, intended as a mortgage, to secure the payment of a certain indebtedness ; that, on payment of such debt by C., A. had, at the request of the intestate, conveyed a portion of such tract to C., who was to hold the same simply as security for repayment ; and that, upon the death of the intestate, A., to defraud the plaintiffs, had conveyed the residue of such tract for a merely nominal consideration to B., who had knowledge of the foregoing facts.

*Held,* that the complaint was sufficient.

*Held,* also, that it was not necessary that the complaint should aver that A. claimed title to or an interest in the land, and that it is immaterial whether he was in possession thereof or not.

*Held,* also, A. having died, that his heirs were proper, though not necessary, parties defendants.

SAME.—*Statute of Limitations.*—The statute of limitations of six years is no defence in such action, as it belongs to that class of actions falling within the statute of limitations of fifteen years.

VOL. LXII.—10

SAME.—*Married Woman.—Infancy.*—An answer of the statute of limitations in such case, pleaded against a married woman and minor heirs, is insufficient.

SAME.— *Widow.— Witness.— Evidence.*—The widow in such case is a competent witness in her own behalf as to matters occurring prior to the death of her husband.

SAME.—*Evidence Explaining Deed.*—Parol evidence is admissible to show that a deed absolute on its face was intended simply as a mortgage.

SUPREME COURT.—*Pleading.—Assignment of Error.*—Where any one of several paragraphs of a complaint is sufficient, an assignment of error, on appeal to the Supreme Court, questioning the sufficiency of the complaint, is not available, though the remaining paragraphs be insufficient.

SPECIAL FINDING —*Practice.—Judgment.*—A special finding by the court, not made at the request of either of the parties, nor signed by the judge, amounts only to a general finding; and judgment should follow the finding.

SAME.—*Supreme Court.—Practice.*—The sufficiency or correctness of a finding can not be questioned by an alleged error in rendering judgment.

SAME.—*Demurrer.—New Trial.*—Error in a ruling upon a demurrer to a pleading is not cause for a new trial.

From the Washington Circuit Court.

*T. L. Collins* and *A. B. Collins*, for appellant.

*H. Heffren* and *S. B. Voyles*, for appellees.

HOWK, J.—In this action, the appellees, Larry Foster, Nancy Foster, Jesse Dowling, John Dowling, Caroline Dowling, Sarah Reynolds and John Reynolds, were the plaintiffs, and the appellant and a number of other persons were defendants, in the court below. From the judgment there rendered, the appellant, Ezekiel L. Caress, has alone appealed, and he has made his co-defendants in the court below co-appellees with the plaintiffs, in this court. In this opinion, however, only the plaintiffs below will be designated and spoken of as the appellees.

The complaint contained two paragraphs, each of which we will briefly summarize.

In the first paragraph it was alleged, in substance, that William Dowling had died, seized of the following described real estate, in Washington county, Indiana, to wit: The south-west quarter of the south-west quarter of sec-

tion 31, and the north-east quarter of the south-west quarter, and the south-east quarter of said south-west quarter, of the same section 31, in township 4 north, and range 3 east; that, at his death, said William Dowling left surviving him his widow, the appellee Nancy Foster, since intermarried with appellee Larry Foster, and his four children, the appellees, Jesse, John and Caroline Dowling, and Sarah Reynolds, wife of said John Reynolds, who were then all minors, and the only heirs at law of said decedent; that appellee Nancy Foster was the owner of and entitled to an undivided one-third of said real estate; that each of the said children of said decedent was the owner of and entitled to an undivided one-sixth part of said lands, as tenants in common; that, during the lifetime of said William Dowling, deceased, he and the appellee Nancy Foster, then his wife, by deed dated on the —— day of ——, 1855, conveyed the said lands, together with another tract, particularly described, in section 35, containing forty-five acres, in said county, to William Holland, since deceased; that said conveyance was understood and intended by all parties thereto to operate as a mortgage to secure the payment of $500.00, or thereabouts, which sum said William Dowling, deceased, at the time of said conveyance, borrowed of said William Holland, deceased; that said William Holland then and there agreed, that, when said $500, or thereabouts, was fully paid, he would reconvey said lands to said William Dowling, which reconveyance should operate as a release and full satisfaction in the premises; that afterward, when said $500, or thereabouts, became due, said William Dowling agreed with one Milton Montgomery, that, if said Montgomery would pay off said $500, or thereabouts, and the interest thereon, he would convey, or have conveyed, to him the said forty-five acres of land; that said William Holland was a party to said agreement, and expressed full satisfaction therewith; that thereupon said William Dowling authorized said William Holland to

convey to said Montgomery said forty-five acres of land; that said William Holland complied therewith by deed bearing date ———, and that thereupon said Montgomery fully paid off said $500, with interest, to the satisfaction of said William Holland; that it was fully and firmly agreed at all times by said William Dowling and William Holland, that the said terms of the contract, made in reference to the lands first described in said complaint, should be strictly complied with; that said William Dowling died shortly after the payment as aforesaid of said $500, having continued in full possession of said three tracts of land up to his death; that, after the death of said William Dowling, to wit, on the 2d day of July, 1862, said William Holland, having failed to reconvey said three tracts of land according to said agreement, with intent to defraud the appellees out of said lands, conveyed by deed the said three tracts of land to the appellant, Ezekiel L. Caress, for a nominal and inadequate consideration; that the appellant had full knowledge, before said conveyance was so made to him, that the deed made by said William Dowling and wife to said William Holland, in the year 1855, was only intended to be a mortgage to secure the payment of said $500, and that said $500 was fully paid off; and that the appellant fully knew that said William Holland had no legal nor equitable title to said lands at the date of his pretended conveyance to the appellant. And the death of said William Holland was alleged, and his heirs at law, naming them, were made defendants to the action. And the appellees said, that, by reason of the facts aforesaid, a cloud was on their title to said three tracts of land, and they asked that their title to said lands be quieted, and for partition thereof, and, averring that said lands were not susceptible of division, they asked for the appointment of a commissioner to sell the same, and for other proper relief.

The allegations of the second paragraph of appellees'

complaint are substantially the same as those in the first paragraph, except that it was averred in the second paragraph, that William Dowling died before the payment of the $500, and thereupon said William Holland agreed to join the appellee Nancy Foster in a deed to Milton Montgomery of the forty-five acres described in said paragraph; that said Montgomery was to pay to said Holland said debt of the estate of said Dowling, deceased; that said Holland and Montgomery were parties to said arrangement, and said Montgomery, according to his agreement, paid off said debt in full to said William Holland, and appellee Nancy Foster joined said Holland in a deed to said Montgomery of said forty-six acres of land, thereby releasing the other three tracts of land described in said paragraph; that said William Dowling continued in full possession of all said lands up to the date of his death; that said William Holland, with full intent to cheat and defraud the appellees, after he had been fully paid as aforesaid, attempted to convey the said three tracts of land to the appellant, Ezekiel L. Caress, for a nominal consideration. The death of William Holland was alleged, and his heirs at law were made defendants. And the appellees said, that, by reason of the facts alleged, there was a cloud upon their title to said three tracts of land, and they prayed that their title thereto might be quieted, and for partition and for all other proper relief. This paragraph contained no allegation that the appellant had knowledge of the alleged facts at the time he received his deed.

Appellant answered, by a general denial, each paragraph of the appellees' complaint; and to both paragraphs he answered that the cause of action therein mentioned did not accrue within six years next before the commencement of this action. To this latter answer the appellees demurred, upon the ground that it did not state facts sufficient to constitute a defence to the action, which demurrer was sus-

tained by the court below, and to this decision the appellant excepted.

And the action being at issue was tried by the court without a jury, and the court made a finding for the appellees. The appellant moved the court below for judgment in his favor, which motion was overruled, and the appellant excepted, and judgment was rendered by the court below for the appellees, from which judgment the appellant now prosecutes this appeal.

In this court the appellant has assigned the following alleged errors of the court below :

1. That the appellees' complaint does not state facts sufficient to constitute a cause of action.

2. In sustaining the appellees' demurrer to the appellant's answer of the statute of limitations.;

3. In rendering a special finding which was not requested by either party, and was objected to by the appellant.

4. In overruling the appellant's motion for a judgment in his favor.

5. In sustaining the appellees' motion for a judgment upon the finding in their favor; and,

6. In overruling the appellant's motion for a new trial.

We will consider and decide the several questions presented by these alleged errors in their enumerated order.

1. In discussing the questions presented by the first alleged error, the appellant's learned attorneys have devoted much of their elaborate argument to the right of the appellant to assign in this court as error the insufficiency of the facts stated in the complaint to constitute a cause of action, notwithstanding the act of February 25th, 1875, amendatory of section 54 of the practice act. Acts 1875, Reg. Sess., p. 111.

This is not an open question in this court; for, in the case of *Ford* v. *Booker*, 53 Ind. 395, it was held that the amend-

atory act referred to was void, and that it is still "proper to object to the sufficiency of the complaint for the first time in this court, by an assignment of error." 2 R. S. 1876, p. 59, sec. 54, and Buskirk Prac. 172, and authorities cited.

The appellant's objection to the sufficiency of the complaint, as we understand the argument of his counsel, is, that it was not alleged in direct terms, in either paragraph, that the appellant, in the language of the statute, claimed "title to or interest in" the real property described therein, adverse to the appellees. 2 R. S. 1876, p. 254, sec. 611.

In each of the paragraphs of their complaint, the appellees stated clearly and fully the facts which, if true, showed their title to said real estate, and that the appellant had acquired a title to said real property, which was necessarily adverse to the title of the appellees and a cloud upon their title. We think that the statements in each paragraph of the complaint were sufficient in this respect, and were fully the equivalent of the technical language of the statute. In the first paragraph it was alleged, in substance, that the appellant, with full knowledge of all the facts, had taken a conveyance of the property from one who held the title by an absolute deed on its face from the appellees' ancestor, which deed was in legal effect merely a mortgage, after the full payment of the debt thereby secured, and with notice thereof. It is very clear that the first paragraph of the complaint stated facts sufficient to constitute a good cause of action against the appellant. For, if the deed from the appellees' ancestor to William Holland, though absolute on its face, was in legal effect a mortgage to secure the loan of money, and if this loan of money had been fully repaid to said Holland, either by the appellees or by their ancestor, and if, after such payment, the said Holland executed a conveyance of the real estate described in said deed, or any part thereof, to the appellant, with full

knowledge on his part of all the facts aforesaid, it is very certain, we think, that the appellees could maintain an action against the appellant to determine and quiet their title to the said real estate. In such a case, by the express terms of said section 611 of the practice act, *supra*, it was wholly immaterial whether the appellees or the appellant were in or out of the possession of said real estate at the commencement or during the pendency of the action, as in either event, without regard to the possession, the action could be maintained.

It seems clear to us, also, that the second paragraph of the complaint stated a good cause of action; but we need not consider the sufficiency of this second paragraph, under the first alleged error, as we have reached the conclusion that the first paragraph of the complaint stated a good cause of action. For it is well settled by the decisions of this court, that such an assignment of error calls in question the sufficiency of the entire complaint, and not of each paragraph thereof, and that such error would not be available, if, as in this case, the complaint contained one good paragraph. *Miller* v. *Billingsly*, 41 Ind. 489, and *Kelsey* v. *Henry*, 48 Ind. 37.

2. The second alleged error assigned by the appellant was the sustaining by the court below of appellees' demurrer to an additional answer of the appellant. This answer was to both paragraphs of the complaint, and in it the appellant alleged, that the cause of action stated in the complaint did not accrue within six years next before the commencement of the action. This action was brought by the appellees to quiet their alleged title to certain real estate; and as between the appellees and the appellant no other relief was sought. Our statute of limitations prescribes no certain time within which such actions shall be commenced, and therefore such actions are limited only, in our opinion, by section 212 of the practice act, which pro-

vides, that "All actions not limited by any other statute shall be brought within fifteen years." 2 R. S. 1876, p. 124.

It is claimed, however, by appellant's attorneys, that this was an action "for relief against frauds," and that the statute provides that such actions must be commenced "within six years." In the case of *Vanduyn* v. *Hepner*, 45 Ind. 589, it was held by this court, that "This provision applies to actions, the immediate and primary object of which is to be relieved from frauds," and that it did not apply to actions for the recovery of real estate, though fraud might have to be shown for the purpose of avoiding the defendant's defence. And so we hold in the case at bar. It seems to us that this additional answer of the appellant was clearly insufficient on demurrer for another reason. It appeared on the face of the complaint that the appellee Nancy Foster was a *feme covert*, and that the other appellees in interest were infants, not only at the commencement of this action, but even when the alleged fraudulent conveyance was executed to the appellant. These alleged disabilities of the appellees were not controverted in any manner in appellant's additional answer; and, therefore, under the 74th section of the code of practice, these alleged disabilities were, for the purposes of this action, to "be taken as true." 2 R. S. 1876, p. 71. We hold, therefore, that the court below did not err in sustaining the appellees' demurrer to the additional answer of the appellant.

3. Appellant has assigned, as alleged error, that the court below rendered a special finding in this cause, when it was not requested by either party, but was afterward objected to by the appellant. We do not find this error in the record. True, the finding of the court was longer and more detailed than was necessary; but it can not be regarded as a "special finding" under section 341 of the

practice act. 2 R. S. 1876, p. 174. A special finding of facts, not made at the request of either party nor signed by the judge, can only have the effect of a general finding. *Conwell* v. *Clifford*, 45 Ind. 392; *Nash* v. *Caywood*, 39 Ind. 457.

In this case the court below found generally, "that the material allegations of the complaint are true," and this was followed by a lengthy statement of facts found; but neither party had requested a special finding, nor was it signed by the judge. And, therefore, we must regard this finding as nothing more than a general finding.

4. The fourth alleged error, assigned by the appellant, was the overruling by the court below of appellant's motion for a judgment in his favor. In our opinion, there was no error in this decision of the court. The finding of the court had been, that the material allegations of appellees' complaint were true; and upon this finding we can conceive of no possible ground for a judgment in appellant's favor.

5. The appellant has assigned, as his fifth alleged error, that the court below erred in sustaining the appellees' motion for judgment in their favor. No question is presented for our consideration by this alleged error. The judgment follows the finding. If the finding is right, the judgment is right beyond a peradventure. And the sufficiency and correctness of the finding cannot be called in question, in this court, by this alleged error.

6. The sixth and last of the alleged errors, complained of by the appellant, is the decision of the court below.in overruling his motion for a new trial. We will briefly consider the several causes for a new trial, in appellant's motion therefor, in their enumerated order.

The first three causes for a new trial were decisions of the court in overruling or sustaining demurrers. These decisions were not properly assigned as causes for a new

trial. Section 352 of the practice act prescribes the causes for which a new trial may be granted, and the ruling of a court on a demurrer is not one of them. 2 R. S. 1876, p. 179.

The fourth cause for such new trial was alleged error of law occurring at the trial, in permitting the appellee Nancy Foster to testify as a witness for the appellees, as to matters occurring before the death of William Holland. The appellant's objection to the testimony of Nancy Foster was made under the last proviso in section 2 of the act of March 11th, 1867, defining who shall be competent witnesses, etc., to the effect, " That in all suits by or against heirs, founded on a contract with or demand against the ancestor, the object of which is to obtain title to or possession of land or other property of such ancestor, * * * neither party shall be allowed to testify as a witness as to any matter which occurred prior to the death of such ancestor, unless required by the opposite party or by the court trying the cause," etc. 2 R. S. 1876, p. 135. The heirs of William Holland, deceased, were proper parties defendants to this action, although the complaint showed by its averments, that, as such heirs, they had no interest in the subject of the action, and were not, therefore, necessary parties. The testimony of Nancy Foster was as to a matter which occurred prior to the death of William Holland; but the object of this suit was not to obtain title to or possession of land or other property of said William Holland. The case, therefore, does not come within the statute, and the testimony of Nancy Foster was properly admitted.

The fifth cause for a new trial was, that the court erred in overruling the appellant's motion for a judgment in his favor on the finding. The court found for the appellees, and therefore did not err in overruling the appellant's motion.

The sixth, seventh and eighth causes for such new trial were, that the finding of the court was contrary to law and the evidence, and was not sustained by sufficient evidence. The finding was sustained by sufficient evidence, and was not contrary to law.

The ninth and tenth causes for a new trial complain of the finding of the court as a special finding. As we have already said, the finding of the court, in this case, was nothing more than a general finding.

The eleventh cause asserts, that the judgment and decree of the court did not follow the finding. We think otherwise.

The twelfth cause was, that the court erred in the admission of parol evidence to show that the deed from the appellees' ancestor to William Holland, though absolute on its face, was intended by the parties as a mortgage to secure the loan of a certain sum of money. We need not cite authorities to show that the court did not err in the admission of this evidence.

The thirteenth and fourteenth causes relate to the judgment rendered by the court below. We think the judgment was right.

The motion for a new trial was properly overruled.

We find no error in the record, of which the appellant can complain.

The judgment is affirmed, at the appellant's costs.