## BUCHANAN, ADM'R, *v.* LEE ET UX.

CONTRACT.—*Nudum Pactum.— Husband and Wife.— Common Law Rule as to Wife's Personal Estate.— Vested Right.—Pleading.*—Complaint against B., as the administrator of the estate of S., to recover money. In the first paragraph it was alleged, in substance, that in 1844 C., the plaintiff's mother, intermarried with S. ; that at the time of said marriage C. had in her possession, of her own separate estate, a certain sum of money ; that, by an agreement then and there made between them, S., the husband, received said money under a promise and contract to pay the same, with interest, to the plaintiff at the death of her said mother ; that afterward said mother died, and, after her death, in 1876, said S. also died, leaving said sum of money and interest due to the plaintiff and unpaid. A second paragraph of complaint differed from the first in this, that it alleged that said S. received said money from his wife, the plaintiff's mother, upon his promise to pay the same to the plaintiff upon her arrival at the age of twenty-one years, but that the money was not paid at said time nor since.

*Held,* that the complaint is insufficient.

*Held,* also, that by the common law, which was the law of this State on the subject in 1844, the personal estate and money, owned and possessed by a *feme sole,* at the time of her marriage, at once became the absolute property of the husband, and for this reason the agreement counted upon in the complaint was *nudum pactum.*

*Held,* also, that section 5 of the act of 1853, 1 R. S. 1876, p. 412, n. 2, changing the common law rule in the above respect, did not in any manner impair the vested right of S. in the money sued for.

PRACTICE.—*Supreme Court.*—The sufficiency of a complaint may be questioned for the first time in the Supreme Court, but an assignment of error that "The complaint does not state facts sufficient to constitute a cause of action," only calls in question the sufficiency of the complaint as an entirety, and, if one paragraph be sufficient, the error is not well assigned.

From the Montgomery Circuit Court.

*P. S. Kennedy* and *W. T. Brush,* for appellant.

HOWK, C. J.—The appellee Drusilla A. Lee sued the appellant, in a complaint of two paragraphs, for the recovery of a certain sum of money alleged to be due her from the estate of the appellant's intestate, George Shumaker, deceased. An answer and reply were filed, putting the case at issue, and a trial of the cause by a jury resulted in a verdict for said appellee, assessing her damages in the

sum of seventeen hundred and sixty-four dollars.    The appellant's motion for a new trial having been overruled, and his exception  entered to this decision, the court rendered judgment on the verdict for  said appellee.

In this court the  appellant has  assigned  the following errors :

1.    The complaint does not state facts sufficient to constitute a cause of  action ;

2.    The court below erred in overruling appellant's motion for a new  trial ; and,

3.    The court had no  jurisdiction of the  subject-matter of the action.

1.    The sufficiency of the complaint was not questioned in the circuit court, either by demurrer or by a  motion in arrest of judgment, but the  objection  thereto is presented for the first time in this court.    This procedure is authorized by section 54 of  the practice act, 2 R. S. 1876, p. 59 ; but it is settled that the assignment as error of the insufficiency of the complaint does not call in question the sufficiency of the paragraphs separately, but of the complaint as an entirety.    It follows, therefore, that if either paragraph of the appellee's complaint, in this case, stated facts sufficient to constitute a cause of action, the first  alleged error would not be  well assigned or available for any purpose, even if the other paragraph were wholly insufficient. *Caress* v. *Foster*, 62 Ind. 145.

In the first paragraph of her complaint the appellee Drusilla A. Lee alleged, in substance, that, about the year 1844, one Leah Casner, then the appellee's mother, intermarried with said George Shumaker, since deceased ; that, at the time of said marriage, the said Leah had, of her own separate estate, in her own possession, the sum of six hundred and fifty dollars in money ; that, by an agreement then and there made by and between the said Leah and her said husband, George Shumaker, the said Shumaker

received said money under the promise and contract to pay the same, with six per cent. interest thereon, to the appellee Drusilla A. Lee at the death of said Leah Shumaker; that the said George Shumaker received the said sum of money under the said agreement and promise; that afterward, and before the death of said Leah Shumaker, the appellee Drusilla A. Lee arrived at the age of twenty-one years, and married her coplaintiff, George Lee, whom she made her coplaintiff only because he was her husband; that afterward the said Leah Shumaker died, and after her death, on the 7th day of November, 1876, the said George Shumaker also died, leaving the said sum of money, with the accumulated interest thereon, due, unpaid and owing to the appellee Drusilla A. Lee; and that the appellant had been duly appointed and qualified and was acting as the administrator of said decedent's estate. Wherefore, etc.

The second paragraph of the complaint differs from the first paragraph only in this, that it is alleged in said second paragraph that the said George Shumaker received the said sum of money from his wife, the appellee's mother, the said Leah Shumaker, upon his agreement and promise to pay the same, with six per cent. interest thereon, to the appellee Drusilla A. Lee, upon her arrival at the age of twenty-one years; that afterward the said appellee had become twenty-one years of age, and had afterward intermarried with her coplaintiff, the said George Lee; but that the said sum of money, with the accumulated interest thereon, had not been paid to the appellee Drusilla A. Lee, either by said George Shumaker in his lifetime, or by his administrator since his death.

In both of the paragraphs of the complaint, it is distinctly alleged that the sum of money mentioned therein, at the time of the marriage of said Leah Casner with appellant's intestate, George Shumaker, in the year 1844, was the

money of said Leah Casner, of her own separate estate and in her own possession. Upon the facts thus alleged, it is earnestly insisted by the appellant's counsel that, by the law of this State, as it then existed, the absolute title to and ownership of the said sum of money, so held and possessed by the said Leah, was vested immediately, upon and by virtue of her marriage, in her husband, the said George Shumaker; and that, for this reason, the agreement and promise of the said George, declared upon in each paragraph of the appellee's complaint, were a mere *nudum factum*, had no binding force or validity, and gave her no cause of action against the said George in his lifetime, or against the appellant as the administrator of his estate after his death.

It seems to us that this position is well taken. By the common law, the personal estate and money owned and possessed by a *feme sole* at the time of her marriage, by virtue of her marriage and upon the happening of that event, at once became and were the absolute property of her husband. At the time of the marriage of said Leah Casner with the appellant's intestate, George Shumaker, in the year 1844, the common law was the law of this State on the subject now under consideration. It is clear, therefore, that, under the allegations of each paragraph of appellee's complaint, the sum of money mentioned therein, by the law of this State in 1844, was the money of said George Shumaker, and not of his wife, Leah Shumaker; and that the agreement and promise counted upon in each paragraph were his naked agreement and promise to pay his own money, and not the money of his wife, to said appellee. Such agreement and promise, by the law in force at the time, were invalid and of no binding force, and constituted no cause of action. *Miller* v. *Blackburn*, 14 Ind. 62.

The common law rule, as we have stated it, whereby the personal estate and money held and possessed by a *feme sole* in her own right, at the time of her marriage, became

Buchanan, Adm'r, *v.* Lee *et ux.*

and were at once, upon and by virtue of her marriage, the absolute property of her husband, remained in force and unchanged, as the law of this State on that subject, until the Legislature, by section 5 of an act passed in 1853, which section became a law of the State on the 24th day of July, 1853, and has since been in force, enacted a rule which was utterly inconsistent with, and therefore abrogated, the said common law rule.   By said section 5 it was provided that "The personal property of the wife held by her at the time of her marriage, or acquired during coverture by descent, devise, or gift, shall remain her own property to the same extent and under the same rules as her real estate so remains," etc.   1 R. S. 1876, p. 412, note 2.  The right and property of said George Shumaker in the sum of money held and possessed by his wife, Leah, at the time of their marriage in 1844, had vested and become absolute long before the said section 5 of the aforesaid act of 1853 became a law of this State, and therefore it is clear, we think, that the enactment of said section 5, and the change in the law thereby made, could not and did not, in any manner, impair, defeat or destroy the vested right and property of said George Shumaker in the sum of money which his wife, as alleged, had owned and possessed as her own separate estate at the time of their marriage.  *Holland* v. *Moody*, 12 Ind. 170.

For the reasons given, we are of the opinion that the complaint of the appellee Drusilla A. Lee, in this case, did not state facts sufficient to constitute a cause of action. This conclusion renders it unnecessary for us to consider or decide any question arising under either of the other alleged errors.

The judgment is reversed, at the appellees' costs, and the cause is remanded for further proceedings not inconsistent with this opinion.