## SMITH v. FREEMAN.

### No. 7266.

PRACTICE.—*Complaint.—Supreme Court.*—Under section 54, 2 R. S. 1876, p. 59, the sufficiency of a complaint as a whole, but not of separate paragraphs thereof, may be questioned for the first time in the Supreme Court; but an assignment of error that "the complaint does not state facts sufficient to constitute a cause of action" only calls in question the sufficiency of the complaint as an entirety, and not of each paragraph thereof; and, if any paragraph be sufficient, the error is not well assigned, unless the record shows that the finding and judgment were not founded on such paragraph.

SAME.—*Allegations of Complaint.—Inconsistency of.— Waiver.*—Objection to inconsistencies in the allegations of a complaint can not be reached by an assignment of error questioning the sufficiency of the complaint, in the Supreme Court; and, after verdict and judgment in the court below, such objection will be regarded by the Supreme Court as waived.

SAME.—*Defective Allegations in Pleading, Cured by Verdict and Judgment.*—Mere defective allegations of fact in a pleading can not be reached by demurrer thereto, for the want of sufficient facts, but by motion to make more specific; such defects are cured by verdict and judgment, and can not be presented to the Supreme Court by an assignment of error that the pleading is insufficient.

EVIDENCE.—*Conspiracy to Defraud.*—When there is a combination or conspiracy between two persons to cheat and defraud another, and such conspiracy or common purpose is fairly shown by other testimony in the case, the declarations of one of the defendants in relation thereto, though made in the absence of the other, are competent evidence against the latter.

From the Clay Circuit Court.

*W. W. Carter, S. D. Coffey, D. E. Williamson* and *A. Daggy*, for appellant.

*A. T. Rose, S. M. McGregor, G. A. Knight* and *C. H. Knight,* for appellee.

HOWK, J.—In this action, the appellee sued the appellant and one Joel C. Arnold, in a complaint of two paragraphs, to which the appellant separately answered by a general denial, and an answer by way of set-off.

The appellee replied by a general denial to the appellant's set-off. The issues joined by and between the appellee and the appellant were tried by a jury, and a verdict was returned for the appellee, assessing his damages in the sum of six hundred and ninety-three dollars and thirty-three cents. The appellant's motion for a new trial having been overruled, and his exceptions entered to this ruling, the court rendered judgment on the verdict.

In this court, the appellant has assigned errors as follows :

1. The first paragraph of the complaint does not state facts sufficient to constitute a cause of action ;

2. The second paragraph of the complaint does not state facts sufficient to constitute a cause of action ;

3. The complaint does not state sufficient facts to constitute a cause of action ; and,

4. The circuit court erred in overruling the appellant's motion for a new trial.

We may premise that the first two errors assigned as above, by the appellant, are not authorized by the provisions of the code, and, separately considered, they present no question for the decision of this court. In section 54 of the code, it is provided in effect, that, by his failure to demur to the complaint, for the fifth statutory cause of demurrer, the defendant shall not be deemed to have waived " the objection that the complaint does

not state facts sufficient to constitute a cause of action."
2 R. S. 1876, p. 59.

Under this section of the code, it may properly be
assigned as error, that the complaint does not state
facts sufficient to constitute a cause of action; and such
an assignment of error will call in question, in this
court, the sufficiency of the complaint as an entirety, but
not of each paragraph thereof, and will not be available
for the reversal of the judgment below, if the complaint
shall contain one good paragraph. *Caress* v. *Foster*, 62
Ind. 145; *Leedy* v. *Nash*, 67 Ind. 311; *Buchanan* v. *Lee*,
69 Ind. 117.

This is clearly so, unless the record shows affirma-
tively that the finding and judgment were not founded
upon such good paragraph.

In the first paragraph of his complaint, the appellee
alleged, in substance, that on the 12th day of October, 1875,
one James Black and Clinton W. Thompson recovered a
judgment, in the Clay Circuit Court, against the defendant
Arnold and the appellee, for the sum of five hundred and
fifty dollars and six cents, and costs of suit taxed at $——;
that said judgment bore interest at ten per cent., and was
rendered on a note upon which said Arnold was principal,
and the appellee was surety; that on the 8th day of No-
vember, 1875, an execution in due form of law was issued
on said judgment to the sheriff of Clay county, who, on
the 11th day of November, 1875, levied the same on twenty-
six head of steers and one heifer, the property of said
Arnold, of the value of one thousand dollars, of
all which facts the appellant, Smith, had full notice;
that on the — day of November, 1875, while the appellee
had proceedings pending in said court to have himself de-
clared, by the judgment of said court, to be the surety on
said note, and while the said sheriff had said cattle to
satisfy said execution, and said cattle being the only prop-

erty of said Arnold out of which any thing could be made to satisfy said writ, or any part thereof, he being at the time hopelessly insolvent, the appellant, Smith, with a full knowledge of all the said facts, purchased said steers from said Arnold and became replevin bail for the stay of execution on said judgment; that, by reason thereof, the said execution was, on the 15th day of November, 1875, returned by said sheriff, and said steers were released and delivered to the appellant, Smith, who sold the same and converted the proceeds thereof to his own use, and refused to pay said judgment, or any part thereof; that the appellant, in pursuance of a fraudulent combination and conspiracy with said Arnold to cheat and defraud the appellee, and for the purpose of compelling the appellee to pay said judgment, pretended to purchase said cattle of said Arnold and credit the amount of the value thereof upon a debt which he pretended said Arnold owed him; but which (the cattle) were in fact transferred to the appellant by said Arnold, for the fraudulent purpose of depriving said Arnold of the possession thereof and compelling the appellee, by such means, to pay said judgment when the stay expired; that the appellant, as soon as the sheriff released said cattle from said levy, sold them and converted the proceeds to his own use, and the appellee was compelled to and did pay off and satisfy said judgment; that on the 2d day of May, 1876, an execution was issued in due form of law, on said judgment, to the sheriff of Owen county, and the defendant Arnold being notoriously insolvent, and having left the State leaving no property therein, and the appellant, Smith, failing and refusing to pay said judgment or execution or any part thereof, the appellee was compelled to and did pay off the same, amounting to the sum of six hundred dollars. Wherefore, etc.

The appellant's counsel object to the sufficiency of this first paragraph of the complaint, upon the ground that

"there is some clashing in the averments" therein. It must be conceded, we think, that there is some inconsistency in the allegations of this paragraph; but this objection thereto is one that could hardly have been reached by a demurrer for the want of facts, and certainly not by the assignment of the insufficiency of the complaint, as error, in this court. Possibly, the objection might have been reached by a motion in the circuit court; but, after verdict and judgment, it must be regarded as waived and can not be made available, in this court, for any purpose.

The appellant's counsel further say, of this first paragraph : " It is defective in not averring that Smith, at the time he took the cattle, had notice of the fraudulent intent of Arnold." Again, counsel say : " The complaint is also defective in not averring, in express terms, that Arnold transferred, and Smith received, the cattle for the fraudulent purpose of cheating and defrauding Arnold's creditors." Defective allegations of fact, in a complaint or paragraph, can not be reached, as a rule, even by a demurrer thereto for the want of sufficient facts; but the proper mode of objecting to a pleading, on this ground, is by a motion addressed to the trial court, for an order requiring the plaintiff to make his complaint, paragraph or the particular allegation thereof, more certain and specific. *The Cincinnati, etc., R. R. Co.* v. *Chester,* 57 Ind. 297; *The Pennsylvania Co.* v. *Sedwick,* 59 Ind. 336 ; *Jameson* v. *The Board, etc., of Bartholomew Co.,* 64 Ind. 524. After verdict and judgment on the complaint in this case, and without any objection thereto in the circuit court, it seems to us that it may well be said, that the objections now urged by the appellant to the first paragraph of the complaint, in this court, come too late, for the reason that all the alleged defects therein were cured by the verdict. *Donellan* v. *Hardy,* 57 Ind. 393. Upon the error assigned in this court, it must be held, we think, that the appellee's complaint stated facts sufficient to constitute a cause of action.

The second paragraph of the complaint counted upon substantially the same facts as the first paragraph, except in this: that, in said second paragraph, the appellee alleged, that the appellant, at the time he became replevin-bail for the stay of execution on said judgment, faithfully promised the defendant Arnold, that, if the said steers should be released from said execution and delivered to the appellant, he would, at the expiration of such stay, pay off and discharge the said judgment; that, by reason thereof, the said execution was, on said 15th day of November, 1875, returned, and the said steers were released and delivered to the appellant, Smith, who took and sold the same and converted the proceeds thereof to his own use; that the said defendants had both failed and refused to pay off the said judgment, or any part thereof, though often requested so to do; that on the 2d day of May, 1876, the said defendants permitted an execution to be issued on said judgment and delivered to the sheriff of Owen county, where the appellee resided and had property subject to execution; whereby the appellee was compelled to and did, on the — day of December, 1876, pay off the said judgment and execution, amounting to six hundred and ——— dollars. Wherefore, etc.

We do not consider the appellant's objections to this second paragraph of the complaint, as we have reached the conclusion that his objections to the sufficiency of the first paragraph were not well taken, under his assignment of error. Having held, in effect, that the first paragraph stated facts sufficient to constitute a cause of action, the errors assigned in this court, in regard to the sufficiency of the complaint and its several paragraphs, would not be available for the reversal of the judgment below, even if the second paragraph was clearly insufficient. *Buchanan* v. *Lee, supra.*

The record does not show that the judgment in this case was founded exclusively on the second paragraph.

We pass now to the consideration of the questions presented by, and arising under, the alleged error of the court in overruling the appellant's motion for a new trial. Without setting out in detail the causes assigned for such new trial, we will consider and decide the several questions arising thereunder, which the appellant's counsel have presented and discussed in their able and exhaustive brief of this cause.

The first point made by counsel in argument is, that the court permitted two of the witnesses, namely Jason W. Brown and one Robertson, to give certain evidence on the trial, over the appellant's objections and exceptions, which evidence, it is claimed, was clearly incompetent and inadmissible. These alleged erroneous rulings of the court are considered together by the appellant's counsel; and, therefore, we shall consider and pass upon them in the same manner. The evidence of the witness Brown, complained of by the appellant, was as follows :

"A short time prior to the 15th day of November, 1875, he had a conversation with the defendant Joel C. Arnold, in the absence of the defendant Robert Smith, in which the said Arnold told him that he had agreed to give up the cattle, described in the complaint, to the defendant Smith, for which Smith had agreed to pay off the judgment mentioned in the complaint."

The evidence of the witness Robertson, admitted over the appellant's objection, was as follows :

"He heard a conversation between the defendant Arnold and the wife of the plaintiff, in the absence of the defendant Smith, in which the said Arnold told the wife of said Freeman that the defendant Smith had agreed to take the cattle mentioned in the complaint, and it was now all right, and that her husband was safe."

The record shows that the appellant objected at the proper time to the admission of the foregoing evidence

of the said two witnesses, upon substantially the same grounds, to wit: "That said evidence was hearsay, and said declarations, being made by the said Arnold in the absence of the said Smith, could not bind him, and there being no trial as to the said Arnold, his declarations, in the absence of the said Smith, were inadmissible."

The evidence above set out was certainly of that kind or character which is usually termed hearsay; but there are many cases in which such evidence is competent and admissible. In the case at bar the appellee virtually charged in the first paragraph of his complaint, that there had been a pretended purchase by the appellant of the cattle mentioned in said paragraph, from his co-defendant, Arnold, made in pursuance of a fraudulent combination and conspiracy by and between the said vendor and vendee, to cheat and defraud the appellee. When such alleged conspiracy or common purpose was fairly shown by the evidence, it is certain, we think, that the declarations of the defendant Arnold, though made in the absence of the appellant, became competent and admissible evidence against him. This rule of evidence, or rather this exception to the general rule which excludes hearsay evidence, has been recognized and acted upon by this court in a number of cases: *Caldwell* v. *Williams*, 1 Ind. 405 ; *Chapel* v. *Washburn*, 11 Ind. 393 ; *The Boone County Bank* v. *Wallace*, 18 Ind. 82 ; *Tedrowe* v. *Esher*, 56 Ind. 443.

In the case of *Huckstep* v. *O'Hair*, 8 Ind. 253, this court said : " Whether such a combination had been shown was peculiarly a matter to be judged of by the circuit court ; and it would require a very strong case to induce this court to disturb the judgment of the circuit court in a matter depending upon weight or effect of evidence." So we say in the case now before us. Under the allegations of the first paragraph of the complaint, we are of the opinion, that the declarations of the defendant

Arnold, whereof the witnesses, Brown and Robertson, were permitted to testify as above, over the appellant's objections, were competent evidence against the appellant, when it was shown by other evidence that the transaction between him and his co-defendant, Arnold, was the result of their fraudulent conspiracy or combination to cheat and defraud the appellee. It seems to us that such fraudulent conspiracy or common purpose was fairly shown by the evidence, and the reasonable inferences to be drawn therefrom; and that the court did not err, therefore, in admitting in evidence the aforesaid declarations of the defendant Arnold, over the appellant's objections.

The evidence in the record tends to sustain the verdict of the jury, as we think, on every material point. In such a case, as we have often decided, this court will not disturb the verdict, upon the mere weight of the evidence.

We find no available error in the record of this cause. The judgment is affirmed, at the appellant's costs.