FIRESTONE ET AL. *v.* DANIELS.

No. 7481.

SUPREME COURT.—*Pleading.*—*Assignment of Error.*—*Waiver.*—An objection to the sufficiency of the facts stated in any one of the several paragraphs of complaint to constitute a cause of action is waived by failure to demur to the paragraph on that ground in the trial court, and can not be presented for the first time in the Supreme Court, but such objection to

the complaint as an entirety is not waived by such failure, and may be presented for the first time in the Supreme Court by an assignment of error that the complaint does not state facts sufficient to constitute a cause of action, but such assignment would not be available for the reversal of the judgment if the complaint contained one good paragraph, however bad the other paragraphs might be.

COMPLAINT.—A complaint on a promissory note substantially a copy of form No. 1, 2 R. S. 1876, p. 357, is sufficient on demurrer.

PRACTICE.—*New Trial.—Assignment of Error.*—That a judgment is excessive, is not a proper assignment of error in the Supreme Court, but a cause for a new trial in the court below.

From the Kosciusko Circuit Court.

*C. Clemans* and *A. C. Clemans*, for appellants.

*J. H. Taylor*, for appellee.

Howk, J.—This was a suit by the appellee, as the payee, against the appellants, as the makers, of two promissory notes, each in the sum of one hundred and fifty dollars, dated August 24th, 1875, and payable twenty-six months after date.

The suit was commenced on the 23d day of March, 1878; and on the 10th day of April, 1878, being the 39th juridical day of the February term, 1878, of the court below, the appellee appeared and showed to the court by the sheriff's return endorsed on the summons issued in this cause, that it had been duly and legally served on each of the appellants personally ten days before the 8th day of April, 1878, which was the day fixed by the appellee, by an endorsement on his complaint, for the appellants to appear. Thereupon, the appellants having failed to appear and answer, judgment by default was rendered against them for the sum of three hundred and ninety-nine dollars and twenty-two cents and the costs of suit.

The appellants, having procured a duly certified transcript of the record of this cause, have filed the same as an appeal to this court, and have endorsed thereon an assignment of errors, in substance, as follows:

1.  The first paragraph of appellee's complaint does not state facts sufficient to constitute a cause of action;

2.  The second paragraph of said complaint does not state sufficient facts to constitute a cause of action; and,

3.  The judgment was excessive, in this, that it was rendered for three hundred and ninety-nine dollars and twenty-two cents, when the sum of three hundred and sixty-six dollars and eight cents was all that was due at the time on the notes in suit.

Neither of the two errors assigned is authorized by the code. An objection to the sufficiency of the facts stated in any one of the several paragraphs of a complaint to constitute a cause of action is waived by the failure to demur to the paragraph on that ground, in the trial court, and it can not be presented for the first time in this court. The like objection to the sufficiency of the complaint as an entirety is not waived by the failure to demur thereto in the court below, and, therefore, this objection may be presented for the first time in this court, by an assignment here, as error, that the complaint, and not any paragraph thereof, does not state facts sufficient to constitute a cause of action. This assignment of error would not be available for the reversal of the judgment below, if the complaint contained one good paragraph, however bad the other paragraphs might be. *Caress* v. *Foster*, 62 Ind. 145; *Leedy* v. *Nash*, 67 Ind. 311; *Buchanan* v. *Lee*, 69 Ind. 117.

We do not think, therefore, that the appellants' assignments of error present for our consideration their objections to the sufficiency of the separate paragraphs of the complaint; but, if they did, we would be clearly of the opinion that there was nothing in those objections. Each paragraph of the complaint is substantially a copy of form No. 1, prescribed by the statute, and thereby made sufficient. 2 R. S. 1876, p. 357.

Appellants' counsel object to each paragraph, upon the ground that it does not contain a sufficient description of the note in suit; but a copy of the note was filed with and made part of the paragraph, and it would be difficult to give a more accurate description of the note than was furnished by such copy thereof.

The third alleged error would have constituted a good cause for a new trial, in a motion therefor, addressed to the trial court; but it can not be assigned here, as error, and presents no question for our decision. Buskirk Practice, p. 126, and cases there cited; *Freeze* v. *DePuy*, 57 Ind. 188; and *Walls* v. *The Anderson, etc., R. R. Co.*, 60 Ind. 56.

We find no error in the record.

The judgment is affirmed, at the appellants' costs.