## PETER WAGNER v. FREDERICK WAGNER.

*Assignment of Error for Insufficiency of Facts—Construction of Statute.*—The statute allows an objection to be made to a complaint for an insufficiency of facts, in the Supreme Court, for the first time. But the statute makes herein an exception to the general doctrine of waiver as declared therein. And it must be strictly construed, therefore. It can not be extended by implication. So that the objection to an insufficiency of facts in the Supreme Court for the first time must be applied to the complaint as an entirety and will not be entertained as to particular paragraphs.

Filed May 12, 1881.

Appeal from Ripley Circuit Court.

Greene Durbin, for appellant, *Leonard* v. *Bates,* 1 Blackf. 172, as to averment that plaintiff had offered to convey, or had conveyed, real estate before suing for the purchase money; *Bundy* v. *Hall,* 60 Ind. 171, to the effect that an insufficient answer to an insufficient complaint, is not liable to objection.

Adam Stockinger, for appellee, cited *Goodal* v. *Mopley,* 45 Ind. 355, and code, §380, as to motion to make complaint more specific in the trial court; also, *Harding* v. *Presbyterian Church,* 20 Ind. 71; *List* v. *Korpeter,* 26 Ind. 27; *Dickensheets* v. *Kaufmann,* 28 Ind. 251, on same point; *Bundy* v. *Hall,* 60 Ind. 17, held not to apply; *Leonard* v. *Bates,* 1 Blackf. 172, distinguished, as there the action was on a bond or specialty.

Opinion of the court by Mr. Justice Howk.

In this action, the appellee sued the appellant, in a complaint of seven paragraphs; each of which paragraphs counted upon a promissory note, executed by the appellant to the appellee, all of which notes bore the same date and were past due. The appellee alleged in substance, in each paragraph of his complaint, that the note sued on therein was given to him by the appellant for a part of the purchase-money of lot number seventy-nine in the town of Osgood, in Ripley county, and that it was due and unpaid; and in each paragraph, he demanded judgment for a certain sum of money, and " that the same be declared a lien on said lot."

The cause having been put at issue was tried by the court, and a

finding was made for the appellee for the full amount due on the notes in suit; and judgment was rendered accordingly.

In this court the appellant has assigned the following supposed errors:

1. That neither paragraph of the appellee's complaint stated facts sufficient to constitute a cause of action; and

2. That the court erred, in sustaining appellee's demurrer to the third paragraph of appellant's answer.

The first of these two errors is not well assigned. Each paragraph of the complaint stated facts sufficient to constitute a good cause of action. But the assignment of error is not authorized by the code, and does not present for decision the sufficiency of either paragraph of the complaint. In section 54 of the code, it is provided in substance, that the defendant shall not be deemed to have waived "the objection, that the complaint does not state facts sufficient to constitute a cause of action," by his failure to demur to the complaint on that ground; and under that section, the sufficiency of the complaint, as an entirety, may be called in question for the first time, in this court, by a proper assignment of error. This is an exception, however, to the general doctrine of waiver declared in said section 54, and it has never been extended by construction beyond the strict letter of the statute. It cannot be assigned as error, therefore, that either or any paragraph of complaint does not state facts sufficient to constitute a cause of action; but the assignment of error must conform to the exact language of the statute. *Caress* v. *Foster*, 62 Ind. 145; *Smith* v. *Freeman*, 71 Ind. 85; and *The Pittsburgh, etc., Railroad Co.* v. *Hunt*, 71 Ind. 229.

2. In his brief of this cause, in this court, the appellant's counsel says of the third paragraph of answer: "An insufficient answer is a sufficient answer to an insufficient complaint." This is the entire argument of counsel, under the second alleged error, and it seems to us to amount to a virtual admission by the appellant, that the third paragraph of his answer was not sufficient. We are of the opinion, that this third paragraph was clearly insufficient, and that the appellee's complaint was sufficient. The argument of counsel, above quoted, is not applicable, therefore, to the case made by the record.

The judgment is affirmed at the appellant's cost.