The Louisville, New Albany and Chicago Railway Company *v.* Ader.

Filed April 19, 1887.

---

## No. 11,465.

## THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY *v.* ADER.

SUPREME COURT.—*Sufficiency of Complaint.*—*Assignment of Error.*—Where the sufficiency of a complaint is questioned for the first time in the Supreme Court, the assignment of error must be predicated upon it as an entirety, and if one paragraph is good, the assignment fails.

NEGLIGENCE.—*Wilful Injury.*—*Contributory Negligence.*—A party can not recover damages for a personal injury, to which his own negligence may have contributed, unless it appears that the injurious acts were purposely and intentionally committed, with the design to produce injury, or that such acts were committed under such circumstances that the natural and probable consequences thereof would be to produce injury to others.

SAME.—*Complaint.*—*Railroad.*—A complaint against a railroad company, alleging that the defendant, by its agents, servants and employees, carelessly, negligently, wantonly and wilfully, ran and caused to be run a locomotive engine against and over the plaintiff, thereby injuring him, does not charge a wilful injury, and, there being no negation of contributory negligence, is bad.

From the Clay Circuit Court.

*G. W. Easley*, *G. W. Friedley* and *G. R. Eldridge*, for appellant.

*S. A. Hays*, for appellee.

Howk, J.—In this case, appellee sued the appellant in a complaint of four paragraphs, to recover damages for personal injuries. The suit was commenced in the Putnam Circuit Court, but after the cause was put at issue, on appellant's application, the venue thereof was changed to the court below. There the issues joined were tried by a jury, and a verdict was returned for appellee, assessing his damages in the sum of $1,875. Over appellant's motion for a new trial, judgment was rendered on the verdict.

In this court appellant has assigned errors upon the record of this cause as follows:

1. The court erred in overruling appellant's motion for a new trial;

2. Appellee's complaint does not state facts sufficient to constitute a cause of action; and,

3. Neither the first, second, third nor fourth paragraph of complaint states facts sufficient to constitute a cause of action.

We will consider these alleged errors in the inverse order of their statement, and decide the questions thereby presented.

3. In section 339, R. S. 1881, six causes of demurrer to a complaint are specified, "And," it is enacted, "for no other cause shall a demurrer be sustained." In section 343, R. S. 1881, it is provided that where any of the statutory causes of demurrer, enumerated in section 339, *supra*, "do not appear upon the face of the complaint, the objection (except for misjoinder of causes) may be taken by answer. If no such objection is taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, except only the objection to the jurisdiction of the court over the subject of the action, and except the objection that the complaint does not state facts sufficient to constitute a cause of action."

In construing these statutory provisions, it is settled by our decisions, that while an objection to the complaint, upon the ground that it does not state facts sufficient to constitute

a cause of action, is not waived by the defendant's failure to present such objection either by demurrer or by answer, but may be made for the first time by an assignment of error in this court, still such error can only be predicated upon the complaint as an entirety, and will not call in question the sufficiency of the facts stated in the separate and several paragraphs thereof. *Caress* v. *Foster*, 62 Ind. 145 ; *Buchanan* v. *Lee*, 69 Ind. 117; *Ludlow* v. *Ludlow*, 109 Ind. 199.

The third error assigned by appellant, therefore, presents no question here in relation to the sufficiency of the cause of action, stated in either paragraph of appellee's complaint.

2. The second error assigned by appellant challenges the sufficiency of appellee's complaint, as an entirety, for the first time in this court. If the appellee, in any one paragraph of his complaint herein, has stated facts sufficient to constitute a cause of action, appellant's second error would not be well assigned or available to it for any purpose, even if the other paragraphs were wholly insufficient. If, however, appellee has not stated a cause of action against the appellant, in any paragraph of his complaint herein, the second error would be well assigned, and would entitle appellant to the reversal of the judgment. *Buchanan* v. *Lee, supra*. It is virtually conceded by appellee's counsel, as we understand his argument, that the verdict of the jury is and must be rested upon the second paragraph of the complaint herein. In this second paragraph, appellee alleged that on the — day of September, 1881, at Putnam county, Indiana, and at a point on the line of appellant's railroad where appellee might lawfully be, to wit, at the platform of the depot of the Indianapolis and St. Louis Railroad, at a point near where the last named railroad crossed appellant's track, and at a point on such platform where the public were in the habit of passing back and forth in going to and from the depots of said railroads, the appellant, by its agents, servants and employees, "carelessly, negligently, wantonly and wilfully" ran, and caused to be run, a certain locomotive engine, owned by ap-

pellant, and operated by its agents, servants and employees, on the line of its road, on, against and over the appellee, then and there and thereby greatly bruising and injuring him, whereby his right leg was so badly crushed as to render its amputation necessary, and whereby three of the toes on his left foot were cut entirely off, thereby permanently crippling and forever disabling appellee, and rendering him unable to follow his usual avocation, and causing him great mental and physical pain and suffering, whereby he was greatly damaged, to wit, in the sum of $5,000. Wherefore, etc.

It will be observed that, in this paragraph of his complaint, appellee has not averred that the injuries, of which he complains, were received by him without any contributory fault or negligence on his part. In the absence of this averment, the question arises, and this is the controlling question in the case, under the error we are now considering, Do the facts stated by appellee, in the second paragraph of his complaint, the substance of which we have given, show that he was purposely and intentionally injured by appellant's agents, servants or employees, as stated therein, with the design on their part to produce such injuries? Or were his injuries as stated in such paragraph the natural and probable consequences of the injurious acts of appellant's agents, servants or employees, whereof appellee complained in such second paragraph? We are of opinion, that each of these two questions must be answered in the negative.

The paragraph of complaint we are now considering can not be distinguished in principle from the second paragraph of complaint in the well considered case of *Belt R. R., etc., Co.* v. *Mann*, 107 Ind. 89. In the case cited, the substance of the second paragraph of complaint is given in the opinion of the court; and it will be readily seen therefrom, that the paragraph of complaint in the case in hand, in so far as the appellee has attempted to charge that he was purposely and intentionally injured by the appellant herein, can not be distinguished in any material particular from the paragraph of

complaint set out in that case. It was there held that a party can not recover damages for a personal injury, to which his own negligence may have contributed, unless it appear that the injurious acts were purposely and intentionally committed, with the design to produce injury, or that such acts were committed under such circumstances as that the natural and probable consequences thereof would be to produce injury to others.

In the recent case of *Louisville, etc., R. W. Co.* v. *Bryan*, 107 Ind. 51, it was alleged in the paragraph of complaint there considered, that the injury complained of " was caused by the reckless, negligent and wilful conduct of the employees and servants of the defendant, in the management of its locomotive," etc.; and it was not averred therein, that such injury was so caused without any contributory fault or negligence on the part of the plaintiff. It was held that the paragraph did not charge the defendant with the commission of a wilful injury, and was bad on the demurrer thereto, because it did not allege that the plaintiff was free from contributory negligence. The court there said : " In such a case, it is incumbent on the plaintiff to aver and prove that the injury was intentional, or that the act or omission which produced it was wilful and of such a character as that the injury which followed must reasonably have been anticipated as the natural and probable consequence of the act. Where one person negligently comes into a situation of peril, before another can be held liable for an injury to him, it must appear that the latter had knowledge of his situation in time to have prevented the injury. Or it must appear that the injurious act or omission was by design, and was such—considering time and place—as that its nature and probable consequence would be to produce serious hurt to some one. To constitute a wilful injury, the act which produced it must have been intentional, or must have been done under such circumstances as evinced a reckless disregard for the safety of

others, and a willingness to inflict the injury complained of. It involves conduct which is *quasi* criminal."

Applying the doctrine of these cases to the second paragraph of appellee's complaint, in the case under consideration, we have no difficulty in reaching the conclusion that the facts stated in such second paragraph are not sufficient to constitute a cause of action. We have given the substance of this second paragraph, almost in the language of the pleader, and it is manifest therefrom, as it seems to us, that the appellee has therein charged appellant's "agents, servants and employees," with negligence, and nothing more than negligence, in running its locomotive on, against and over him, "on the line of its road;" and that he has failed to aver therein that, at the time he was so injured, he was free from contributory fault or negligence. Certainly, appellee did not allege in such second paragraph of his complaint, that the acts of appellant's "agents, servants and employees," which produced the injuries whereof he complained, were intentional, or that they were done under such circumstances as evinced a reckless disregard for the safety of others, and a willingness to inflict such injuries. It follows, therefore, that appellee has not stated facts sufficient, in the second paragraph of his complaint, to constitute a cause of action.

Without considering now whether the first, third or fourth paragraphs of complaint, or either of them, stated facts sufficient to withstand a demurrer thereto, it will suffice for us to say that the first paragraph thereof, at least, when challenged for the first time by the second error assigned by appellant, stated sufficient facts to constitute a cause of action. In this first paragraph, appellee alleged that at or near the city of Greencastle, on or about September 4th, 1881, the appellant "carelessly, negligently and recklessly," by its employees, agents and servants, caused one of its locomotives to be carelessly and negligently run against, on and over appellee's feet and legs, whereby they were so badly crushed and injured as to render it necessary to amputate one of his

legs, and four of the toes on his other foot, whereby he was otherwise greatly damaged, etc.; and appellee averred that, when he was so struck and injured, he was lawfully at the place where he received such injury, and that he was so struck and injured by appellant without any fault or negligence on his part. Wherefore, etc.

Whatever else might be said of this first paragraph of complaint, it is very certain, we think, that, after trial and verdict, and when questioned for the first time, on appeal, by an assignment of error in this court, it must be held that such paragraph stated facts sufficient to constitute a cause of action. This being so, as it surely is, appellant's second error, as we have seen, is not well assigned, and would not be available to it for any purpose, even though all the paragraphs of appellee's complaint, except the first, were wholly insufficient. *Buchanan* v. *Lee, supra; Smith* v. *Freeman*, 71 Ind. 85; *Ludlow* v. *Ludlow, supra.*

1. This brings us to the consideration of the first alleged error, namely, the overruling of appellant's motion for a new trial. In this motion a number of causes were assigned for such new trial, but, in the view we are constrained to take of this action, we need only consider two of these causes, namely, (1) that the verdict of the jury was not sustained by sufficient evidence, and (2) that such verdict was contrary to law.

As we have already said, the verdict of the jury in appellee's favor, and against the appellant herein, is and must be rested solely upon the second paragraph of appellee's complaint; and this much is virtually conceded by his counsel, as we understand his brief of this cause. In the second paragraph of such complaint, it was the manifest intention of the pleader to charge that the appellant, by its " agents, servants and employees," purposely and intentionally ran its locomotive, on the line of its road, on, against and over the appellee, etc. That this was the theory of the second paragraph of the complaint, we think, is abundantly shown by the omission of the pleader to allege therein that appellee was run against and

The Louisville, New Albany and Chicago Railway Company *v.* Ader.

injured by appellant, " without any contributory fault or negligence on his part." While, however, this was undoubtedly the theory upon which the second paragraph of complaint was drawn and prepared, yet, as we have already held, the facts averred by appellee in such paragraph were not sufficient to charge that the acts of appellant's " agents, servants and employees," which produced 'the injuries whereof appellee complained, were purposely and intentionally done, or were done under such circumstances as evinced a reckless disregard for the safety of others, and a willingness to inflict such injuries. We must go further, and hold, that while appellee's case, as stated in the second paragraph of his complaint, was clearly bad as a matter of pleading, yet his case as made by the evidence appearing in the record was, if possible, even worse. There is no evidence whatever in the record now before us, which proves, or tends to prove, that appellant, by its agents, servants or employees, wilfully, purposely or intentionally, run its locomotive on, against or over the appellee ; while it is abundantly shown by the evidence, that the injuries whereof appellee complained were caused or occasioned, if not wholly procured, by his own contributory fault or negligence. *Louisville, etc., R. W. Co.* v. *Bryan, supra ; Belt R. R., etc., Co.* v. *Mann, supra.*

We are of opinion that the verdict of the jury herein was not sustained by sufficient evidence, and that it was contrary to law, and that, for these causes, the court below clearly erred in overruling appellant's motion for a new trial.

The judgment is reversed, with costs, and the cause is remanded, with instructions to sustain the motion for a new trial, and for further proceedings not inconsistent with this opinion.

Filed April 19th, 1887.