May Term,
1859.

HOLLAND
v.
MOODY.

evidence to the very verge of judicial discretion, and we cannot believe that the Court is prepared to depart from the plain principles laid down by our text writers, to follow it to this length. * * *

Let us suppose for the argument, that the testimony of *Hart* was erroneously excluded; does it necessarily follow for that reason, that this case must be reversed? Not at all. It is a well established practice in all Courts for the correction of errors, and has been for ages, that where the Court below committed an error which could not have operated to produce a different judgment, and which worked no injury to the party against whom judgment was rendered, they would not reverse for that reason. A familiar instance is to be found under the old practice. Where a defendant filed the general issue, and a valid special plea, and a demurrer was sustained to the special plea, and final judgment rendered for the plaintiff, it was found by the Court of error that all the evidence that could have been given under the special plea could also have been given under the general issue, and they refused to reverse. This practice was, and is, universal. The law, unlike many men, abhors useless litigation.

Applying this principle to the case before us, how does it stand? The testimony of *Hart* would have been entirely immaterial as to the question of rescission. That question depended solely upon the inquiry whether *Gatling* induced *Newell* and *Beach* to purchase by false and fraudulent representations. If *Hart's* testimony was admissible at all, it was so only as to the question of damages. But the Court did not find damages. On the contrary, considering all proper testimony on that point, it rescinded the contract. And as the rejected testimony was wholly inapplicable to that issue, how could *Gatling* have suffered by the rejection, or the result have been changed? We, therefore, conclude, that there is no rule of law by which this case can be reversed for the reason under consideration.

---

## HOLLAND and Others *v.* MOODY.

Where a *feme sole*, being the payee of a promissory note, married prior to the statute of 1853 (Acts, p. 57), *held*, that the husband acquired a property in the note, and he, alone, could pass it by indorsement; and he could sue upon it without joining his wife.

The husband's right to the note, in such case, vested at the time of the enactment of the statute, was not affected thereby.

*Thursday,
May 26.*

APPEAL from the *Franklin* Court of Common Pleas.

WORDEN, J.—Action by the appellee against the appellants.

The complaint avers, in substance, that on the 12th of *August*, 1852, *William McCleary* (since deceased), together

with *John C. Burton* and *Andrew R. McCleary*, executed to the plaintiff, by her maiden name of *Hannah A. Lefforge*, a promissory note for 800 dollars, payable four years from date; that on the 11th of *December*, 1852, the plaintiff was lawfully married to one *John W. Moody*, and that during the coverture, to-wit, in the year 1855, at the county of *Franklin*, in the state of *Indiana*, he, said *John W.*, fraudulently obtained possession of the note, under the pretense of depositing it for safe keeping with his father, *John B. Moody*, of *Cincinnati*, *Ohio*, and that said *John W.*, thus having the possession of the note, assigned it to the said *John B.*, without the knowledge, permission, or consent of the plaintiff; that said *John B.* indorsed the note to *Louis, Stix & Co.*, and that *Louis, Stix & Co.* indorsed it to *George Holland;* that on the 18th of *August*, 1856, *Holland* brought suit upon the note against the makers in the *Franklin* Court of Common Pleas, alleging, amongst other things, in his complaint, that the plaintiff herein had joined with her said husband, *John W. Moody*, in assigning and indorsing the note to *John B. Moody*, which allegation, it is alleged, is wholly untrue—that said plaintiff never did by herself indorse or assign the note, nor give authority or permission for any other person to do so; that at the *October* term, 1856, of the *Franklin* Court of Common Pleas, *Holland* recovered judgment on the note against the surviving makers; that the plaintiff was not aware of the pendency of the cause, nor was she aware that the note had been transferred and put in circulation, until the latter part of the summer of 1856; that immediately upon receiving such information, she notified *Andrew R. McCleary*, one of the makers, that the indorsement thereon, purporting to be hers, was fraudulent, and that she had never parted with her property in the note; that the plaintiff was surprised at the suit on the note, but not being made a party to it, and having given one of the makers notice as aforesaid, she did not deem it incumbent on her to take further notice of the fraudulent transfer and indorsement of the note; that replevin bail has been entered

upon the judgment, which has expired, and an execution issued.

Prayer for an injunction, &c., and that the proceeds be paid to the plaintiff.

The defendants filed a demurrer to this complaint, assigning for cause that it did not contain facts sufficient to constitute a cause of action. The demurrer was overruled by the Court, to which ruling the defendants excepted. The defendants then answered, and such further proceedings were had as that final judgment was rendered for the plaintiff below.

The defendants appeal to this Court, and assign for error the ruling of the Court below on the demurrer to the complaint.

There is one point which we think is fatal to the complaint. The plaintiff, according to the averments in the complaint, and *John W. Moody*, were married on the 11th of *December*, 1852, the note in question having been given before that time. By virtue of such marriage, the husband acquired a property in the note, and he, alone, and not his wife, could negotiate and pass it by indorsement. He could also sue upon it without joining his wife. *Evans* v. *Secrest*, 3 Ind. R. 545.—*McCarty* v. *Mewhinney*, 8 *id.* 514. After this, the legislature passed an act providing that "the personal property of the wife, held by her at the time of her marriage, or acquired during coverture by descent, devise, or gift, shall remain her own property, to the same extent, and under the same rules, as her real estate so remains; and on the death of the husband before the wife, such personal property shall go to the wife, and on the death of the wife before the husband, shall be distributed in the same manner as her real estate descends, and is apportioned under the same circumstances." Acts of 1853, p. 57, § 5.

When this act passed and took effect, *John W. Moody* had such a vested right in the note, as could not be destroyed by legislative enactment. This proposition is fully settled by the case of *Westervelt* v. *Gregg*, 2 Kern. 202.

In that case, the controversy was in reference to a legacy left to the wife. DENIO, J., says:

"That the right which the respondent had to this legacy, the instant before the act of 1848 took effect, was property, in the justest sense of that term, I cannot doubt: An immediate right of action for the recovery of money, which, when recovered, is to belong to the party in whom the right of action exists, subject to be defeated only by the contingency, that a person in being may die before judgment can be obtained, is a valuable pecuniary interest, which deserves protection equally with rights which are absolute and unconditional. Besides, this was an interest which the respondent might sell, and for which he might receive the consideration to his own use. This property the act, if valid, has deprived him of. It declares it shall no longer belong to him, but shall be the property of his wife as though she were a single female."

This reasoning establishes the proposition that although the note in the case at bar had not been transferred by the husband at the time the act in question took effect, yet he had such a right in it as could not be divested, and that his subsequent transfer was valid. The case in *New York* has already been recognized and adopted by this Court. *The Junction Railroad Co.* v. *Harris*, 9 Ind. R. 184.

It follows that *John W. Moody* had the legal right to transfer the note so as to vest the title in his assignee. The fact that it was averred in the complaint in the suit by *Holland* against the makers, that the plaintiff joined in the assignment of the note, is wholly immaterial. That allegation might have been stricken out as surplusage, *John W.* having the right to make such assignment alone without the plaintiff. *Evans* v. *Secrest, supra.*

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, with instructions to the Court below to sustain the demurrer to the complaint.

*G. Holland* and *C. C. Brinkley*, for the appellants.

*D. D. Jones* and *H. Berry*, jun., for the appellee.