## WATKINS *v.* JONES.

HUSBAND AND WIFE.—TRUSTS.—EVIDENCE.—Suit by a wife against her husband, alleging that certain lands described in the complaint had been bought with her separate property; that she did not intend to give said lands to her husband, but that being ignorant of the proper way to secure the title to herself, she had suffered the conveyance to be made to her husband, upon his representation that such a conveyance secured the lands to her, and that he could not convey any interest therein without her consent, &c. A, who was a judgment creditor of the husband, was made a defendant, upon his own petition, and his demurrer to the complaint having been overruled, filed a general denial.

*Held*, that the answer only put in issue the allegations of the complaint, and not the rights of A as a creditor.

*Held*, also, that if the complaint was good against the husband, it was good on A's demurrer.

*Held*, also, that the husband's agreement to hold the lands for the wife, being free from fraud, constituted a valid trust.

APPEAL from the *Warren* Circuit Court.

GREGORY, J.—*Susan A. Jones* filed her complaint against

*Nathan Jones,* her husband, in which it is averred that she is the daughter of *William Warbritton;* that in 1857 her father gave her fifteen hundred dollars, she being at the time the wife of defendant; that the money was given to her by her father for the purpose of buying her a home; that after the father had so given her the money, she and her husband moved to *Iowa;* that the husband bought two hundred and fifty acres of land in *Decatur* county, in that State, and used the sum of one thousand and sixty-three dollars of said money of the plaintiff in making payment therefor, that being the entire purchase money; that after living on the land in *Iowa* for two or three years, the plaintiff and defendant returned to *Warren* county, *Indiana;* that after their return, the defendant, with the consent and authority of the plaintiff, sold and exchanged the *Iowa* land to and with *Matthew Warbritton,* for a part of the land in controversy, described in the complaint; that afterwards the plaintiff purchased of *Henry Buckley* the residue of the land involved in this suit, also described in the complaint, for which she paid five hundred dollars, the separate money and property of the plaintiff, given to her by her father; that the deeds from *Matthew Warbritton* and *Henry Buckley* were made to the defendant, *Nathan Jones;* that the plaintiff never meant nor intended to relinquish her rights to the money, nor to the land purchased therewith, or the proceeds thereof; that she purposed and designed to hold the money and the lands, or other property purchased therewith, and the proceeds thereof, as her separate property, and for her separate use and benefit; that she was ignorant of the proper mode of securing the money, and the property purchased therewith, to her separate use and benefit; that the defendant, her husband, informed her that taking the deed in his own name for the lands purchased with her money secured the same to her, and that he could not convey the same, nor any interest therein, without her joining in the deed, and that he was holding the lands so purchased with her money and property to her sole and separate use

and benefit; that she is now informed that in case any person should take a deed for the lands from her husband, in good faith, without actual notice that he held them only as trustee, she would lose her right thereto; and that the creditors of defendant threaten to levy execution thereon.

The appellant, on his own petition, was made a defendant, on the ground that he was a judgment creditor of the husband. The husband was defaulted. The defendant *Watkins* demurred to the complaint. The demurrer was overruled, and this is assigned for error. *Watkins* then answered by the general denial. Trial by jury. Verdict for the plaintiff. Motion for a new trial overruled. The evidence is in the record.

In the progress of the trial, the plaintiff was permitted to introduce, over the objection of the defendant, the following testimony, given by the father of the plaintiff, to-wit:

"I gave my daughter, the plaintiff, from the time they went to *Iowa* until the lands in the complaint were acquired, the sum of $2,250. I heard the plaintiff and *Nathan Jones* say, in a conversation together, that the lands described in the complaint were acquired with the money I gave to her before and since they moved to *Iowa*."

The grounds of objection to this evidence were not stated in the bill of exceptions. The evidence tends to sustain the allegations of the complaint. We think the jury were warranted in finding as they did. The general denial only puts in issue the allegations of the complaint. 2 G. & H., § 66, p. 93; *id.* § 91, p. 113. The rights of *Watkins* as a judgment creditor of the husband were not involved in the pleadings as they stood. If the complaint was good as against the husband, then the court below committed no error.

We think it clear, from the allegations of the complaint, sustained by the proof, that the husband agreed to hold the lands in trust for the wife, without any fraudulent intent. Indeed, under the facts averred and proven, it would be a fraud in the husband to deny the trust. In *Glidewell* v. *Spaugh*, 26 Ind. 319, a like question was very fully consid-

ered in reference to the provisions of the statute concerning trusts and powers; (1 G. & H. 651,) and the conclusion then arrived at is conclusive of the rights of the parties in the case in judgment.

We think the court below committed no error in over-ruling the demurrer to the complaint, nor in admitting the testimony objected to.

The judgment is affirmed, with costs.

*J. Parke* and *L. T. Miller*, for appellant.

*J. H. Brown* and *G. D. Wagner*, for appellee.