## GREENE and Another *v.* BARTHOLOMEW.

CONSIDERATION.—*Assignment of Contingent Interest.*— A. gave his promissory note to B. in consideration of the assignment to the former by the latter of all his right, title and interest in a contract between B. and C. and a life insurance company, by which B. and C. were to act as agents of said company in a designated territory, and for their services the company was to pay them a certain per cent. on all first premiums, and a certain per cent. on all renewals collected by them on business secured by them or their agents. At the time of said assignment, B. claimed that there would be due him, under said contract, commissions on premiums yet to be collected.

*Held*, in a suit on said note, in which it was not shown that there was any fraud in the transaction, and it did not appear that A. had not obtained all the benefits that he expected from the assignment, that the assignment was a sufficient consideration for the note.

APPEAL from the Marion Common Pleas.

WORDEN, J.—This was an action by the appellee against the appellants, upon a promissory note, executed by the latter to the former.

Issue, trial, verdict and judgment for the plaintiff below.

The substance of the defense was want of consideration, failure of consideration, and fraud. No question arises on the pleadings.

It appeared that on the 16th of October, 1866, the plaintiff Bartholomew and one Benjamin F. Seward entered into a written contract with the Berkshire Life Insurance Company, a Massachusetts corporation, by virtue of which Bartholomew and Seward were to act as agents of the company in the State of Indiana, and to devote their time, skill and ability to the service of the company, in and about the business of life insurance, for which services the company was to pay them "a commission of thirty per cent. on all first premiums, and seven and a half per cent. on all renewals collected by them on business secured by them or their agents," &c.

On the 21st of May, 1868, the date of the note in suit, Bartholomew, by an instrument in writing, assigned, set over and transferred to the defendant Greene, all his right, title and interest in the contract. This assignment was the con-

sideration of the note sued upon, the defendant Tilford putting his name upon it for the accommodation of Greene. It further appeared on the trial, that before the assignment was made and the note executed, Greene had been acting as district agent of the company under Bartholomew, and that the latter, at the time of the transaction, claimed that there would be due him, on premiums to be yet collected, between three and four thousand dollars, and it was arranged that time should be given on the note, so that it might be met by the commissions on the incoming premiums. Greene agreed also to pay to the company, in part consideration for the assignment, the sum of three hundred dollars, which Bartholomew then owed it. It may be here observed that no fraud whatever is shown in the transaction, nor does it appear but that Greene obtained all the benefits that he expected from the assignment.

Various questions are made on the rulings of the court in relation to evidence, instructions, interrogatories propounded and proposed to be propounded to the jury, and motions for judgment on the special findings; but these may all be resolved into one general question, viz.: Was the assignment of the contract by Bartholomew to Greene a sufficient consideration for the note? If this question is to be answered affirmatively, no error was committed below, that in any way tended to the injury of the appellants.

It is insisted by counsel for the appellants, that inasmuch as the assignment of the contract could not, without the assent of the company, place Greene in the shoes of Bartholomew and make him the agent of the company in the place of Bartholomew, and inasmuch as by the terms of Bartholomew's contract with the company, he was not entitled to any commission on premiums that he did not collect, no value or valuable right passed to Greene by the assignment, and therefore, that it was insufficient as a consideration to support the note. This view is not destitute of much plausibility and considerable force; but, on reflection, we are of opinion that it cannot be maintained.

It is not necessary that the assignment should have been such as to invest Greene with a present right that he could have legally enforced against the company, in order to make it a good consideration for the note. It is sufficient if Bartholomew transferred or surrendered to Greene a right or interest which was valuable to him, whether it turned out to be valuable to Greene or otherwise.

A clear and concise statement of the law on the subject, is made by an author of celebrity, as follows: "Any benefit accruing to him who makes the promise, or any loss, trouble, or disadvantage undergone by, or charge imposed upon him to whom it is made, is a sufficient consideration in the eye of the law to sustain the promise." Smith Con. 164.

Suppose that Bartholomew had no earned commissions coming to him, but had the contract in question, and was acting as agent of the company under it, and that Greene, being desirous of procuring the same agency and employment, but being unable to do so while Bartholmew held such agency under his contract, should purchase the contract from Bartholomew and take an assignment thereof to himself as a step towards accomplishing his desired purpose. It can hardly be said, in such case, that Greene's agreement to pay the stipulated price for the assignment of the contract would be without consideration, whether he finally obtained the agency or not. But the case under consideration is much stronger than the one supposed. Here Bartholomew had commissions earned on premiums not yet collected, which he had a right, under his contract, to go on and collect. When he assigned the contract to Greene, he deprived himself of all right to make the collections for his own benefit. "A valid assignment may be made of the expected, though contingent, avails of future transactions under an existing contract; as of compensation not yet earned, but to be earned under an existing contract, although subject to a contingency whether it will ever be earned." Chitty Con. (10th ed.) 134. See, also, on this subject, 1 Story Con. § 376, *g*, and notes; *Bracket* v. *Blake*, 7 Met. 335; *Hartley* v. *Tapley*, 2

Gray, 565; *Emery* v. *Lawrence*, 8 Cush. 151; *Weed* v. *Jewett*, 2 Met. 608; *Taylor* v. *Lynch*, 5 Gray, 49; *Gardner* v. *Hoeg*, 18 Pick. 168; *Field* v. *The Mayor, &c., of New York*, 2 Seld. 179. In the case last cited it was held, that "an assignment for a valuable consideration of demands having at the time no actual existence, but which rest in expectancy merely, is valid in equity as an agreement, and takes effect as an assignment when the demands intended to be assigned are subsequently brought into existence." In *Whittle* v. *Skinner*, 23 Vt. 531, it was held, that although an assignment by a partner of his share of the unsettled accounts of the partnership did not vest any right in the assignee until the accounts were settled and the balance, if anything, ascertained, yet that such assignment was a sufficient consideration for a promise.

In the case before us, we do not determine what rights the assignment in question gave to Greene as against the corporation, nor do we determine what change in the relationship of Bartholmew to the company was effected, if any, by the assignment. These questions are not before us. We hold simply that as Bartholomew sustained a loss and underwent a disadvantage by the assignment, inasmuch as thereby he deprived himself of rights that he enjoyed under the contract, the assignment was a valid consideration for the note sued upon.

The judgment below is affirmed, with costs, and two per cent. damages.

*J. T. Dye* and *A. C. Harris*, for appellants.

*P. W. Bartholomew*, for appellee.