### DAVIS ET UX. *v.* DAVIS ET AL.

PLEADING.—*Partition.*—An answer in a partition proceeding alleging that real estate belonging to the defendant was exchanged for the real estate sought to be partitioned, and that the title to the latter real estate should have been made to the defendant, and alleging that the title was held in trust for the defendant, is good on demurrer, though it does not particularly describe the real estate of the defendant which was exchanged for the real estate in question.

TRUST.—*Separate Real Estate of Wife.*—If the separate real estate of a wife be exchanged for other lands, under an agreement that the deed shall be made to her, and the deed be taken in the name of her husband, without her consent, she has an equity to have the contract or trust enforced against the heirs of her husband.

CONVEYANCE.—A paper purporting to be a deed of conveyance which contains no words of conveyance, and fails to name any grantee, does not show the conveyance of any title.

From the Madison Circuit Court.

*M. S. Robinson* and *J. W. Lovett,* for appellants.

*J. W. Sansberry, E. B. Goodykoontz, W. R. Pierse,* and *H. D. Thompson,* for appellees.

DOWNEY, C. J.—This was a petition for the partition of certain real estate, filed by the appellants, Doctor B. Davis and Matilda Davis, his wife, against the appellees, Ann Davis and Harriet, Oliver, John, and Emily Eads. Ann Davis, now again married, was the widow, and the other parties, except Doctor B. Davis, were the children of Oscar F. Eads, deceased, who was at his decease the owner in fee of the lands. The lands sought to be parted were, 1st. The south half of the north-east quarter of section sixteen,

VOL. XLIII.—36

township nineteen, range seven east. 2d. The south-west quarter of the south-east quarter of that section. 3d. The north-east quarter of the north-west quarter of the south-east quarter of the same section. The infants answered by their guardian. Ann Davis answered in several paragraphs, the first of which was a general denial; in the second, she alleged that she was the owner in fee simple in her own right of all the land sought to be divided; and in the third, she set up a claim to the land in question, and alleged that it was received in exchange for certain real estate, of which there is no description in the complaint, which belonged to her, and which she and her husband conveyed to one Sparks, who conveyed said land in question to her husband. She alleges that said Sparks agreed to convey said land to her; that her husband, Oscar F. Eads, attended to and transacted the business of exchanging said lands, but he, in procuring the deed from Sparks, in fraud of her rights and in violation of her agreement with Sparks, took the deed in his own name, which is the only title he ever had to said lands; that he never paid any consideration for the same, but the consideration was wholly paid by her as aforesaid; that she never agreed to the conveyance of said land to her said husband; that he procured the deed to be recorded without disclosing the fact to her that the deed had been made in his name for about a year, when she made the discovery, and then immediately demanded of him that he should cause the same to be conveyed to her; that he then promised her that he would immediately have the title conveyed to her, and that until he did so he would hold the same in trust for her; and he then represented to her that the deed did not vest the title in him, but that the land was hers, and that the deed was made to him so that he could hold the title as her trustee, and that he had so held the same ever since the deed had been made to him by Sparks. She then alleges that it was the agreement, when the deed was made to her husband, that he would convey the land to her, and that he received the title as her trustee, and in no

other way, and that her said husband still continued to promise and agree to have said real estate conveyed to her up to the time of his death ; that in consequence of such facts she had, since her husband's death, remained in the actual possession of said land, and put lasting and valuable improvements on the same, of the value of seven hundred and fifty dollars, by clearing land, ditching, digging and walling cellar, building smoke-house, chicken-house, wood-house, dry-house, and corn-crib. She prayed for a decree recognizing her right to said land, that the title be conveyed to her, and that her title be quieted, etc.

The second paragraph of the answer of Ann Davis was stricken out on motion of the plaintiff, on the ground that the matter set up was admissible under the general denial. The plaintiffs demurred to the third paragraph, on the ground that the same did not state facts sufficient to constitute a cause of action or to constitute a defence to the action. This demurrer was overruled, and the plaintiffs excepted. The issues were then completed by the filing of a general denial of the third paragraph of the answer. To this stage of the case, it had been in the common pleas, but here, because it was supposed that the title to real estate was involved, and that that court would no longer have jurisdiction of the case, it was transferred to the circuit court. In the circuit court, Ann Davis filed a fourth paragraph of answer, alleging that her husband owned at his decease, in all, two hundred acres of land, including that in question; that she was duly appointed administrator of his estate, and before the commencement of this action, had, by order of the proper court, sold it all for the payment of debts, except the part mentioned in the petition in this case, and applied the proceeds to the payment of the debts of the deceased; and that " she did not disclaim her interest to said pur-chase ; wherefore she is estopped from claiming any interest in the real estate so sold as aforesaid; and asks that her interest, one-third of said two hundred acres of real estate of which said Oscar F. Eads died seized, be set off to her out

of the real estate described in the plaintiffs' complaint." The plaintiffs here again moved the court to strike out the second paragraph of the answer of Ann Davis; the motion was overruled, and the plaintiffs excepted. As this paragraph had been once stricken out, there was no error in refusing to strike it out a second time. The plaintiffs again demurred to the third paragraph of the answer, and also demurred to the fourth paragraph. This demurrer to the third paragraph was also overruled, but the demurrer to the fourth paragraph was sustained. The plaintiffs then again replied to the third paragraph of the answer by a general denial thereof.

The issues were tried by the court, and there was a finding that Ann Davis was the equitable owner of the first described tract in the petition under the third paragraph of her answer, in her own right; that she was the owner of one-third of the residue, and her said children are the owners of the other two-thirds. Commissioners were appointed to make partition accordingly. The commissioners reported that the land ordered to be partitioned could not be divided, etc., and the court ordered it to be sold, etc.

A motion for a new trial was made at the proper time and overruled, and an exception was duly taken. The evidence is in the record. Two errors are properly assigned in this court: 1st. The overruling of the demurrer to the third paragraph of the answer of Ann Davis; and, 2d. Refusing to grant a new trial on the motion of the plaintiffs. The appellee Ann Davis filed a confession of the errors, January 9th, 1873; but afterward, December 19th, 1873, she withdrew the offer.

The first objection urged against the third paragraph of the answer is, that it does not particularly describe the real estate which it is claimed was conveyed by Ann Davis and her husband, Eads, to Sparks, as the consideration for which he agreed to convey and did convey the land to Eads, which is now claimed by Ann. We think it is substantially alleged that Ann and her husband, Eads, conveyed certain real estate belonging to her to Sparks, in consideration of

Davis *et ux. v.* Davis *et al.*

which Sparks conveyed the lands in question to Eads. Had counsel for the plaintiffs insisted that this allegation should be made more specific and certain, it should probably have been ordered by the court. 2 G. & H. 112, sec. 90. There would not appear to be the same reason for particularity in stating the consideration of an executed contract, as there is where the contract is executory.

The other objection made to the third paragraph of the answer of Ann Davis is, that the facts alleged do not show that she is entitled to claim the land; that there is no resulting trust or trust of any kind shown to exist in her favor. We think otherwise. It appears to us that if it is true that her land was exchanged for this, and she was promised that the deed should be made to her, and it was taken in the name of her husband without her consent, she has an equity to have this contract or trust enforced against the heirs of her husband. *Dayton* v. *Fisher*, 34 Ind. 356; *Watkins* v. *Jones*, 28 Ind. 12; *Glidewell* v. *Spaugh*, 26 Ind. 319; *Resor* v. *Resor*, 9 Ind. 347. Among the reasons urged for a new trial, it was contended that the finding of the court was not sustained by sufficient evidence. We think this objection to the judgment must be sustained. Ann Davis, in the third paragraph of her answer, upon which judgment in her favor was rendered for the title to the eighty-acre tract of land, alleges that the land was conveyed to Eads, her husband, by Sparks. The general denial put this in issue. A deed is in the record from Sparks, but, whether by mistake or for some other reason we do not know, it contains no words of conveyance and fails to name any grantee. It commences as follows: "Francis Sparks and wife, Matilda Sparks, of Madison county, and State of Indiana, for the sum of six thousand dollars, the following real estate," etc. This deed was given in evidence by the plaintiffs to show title in Eads, but we do not see that this can make any difference. It fails to show title in Eads for any purpose.

The judgment is reversed, with costs against Ann Davis; and the cause is remanded, with instructions to grant a new trial.