Westerfield v. Kimmer *et al.*

No. 8872.

WESTERFIELD v. KIMMER ET AL.

| 82 | 365 |
| 133 | 669 |
| 82 | 365 |
| 144 | 333 |

MARRIED WOMAN.—*Inchoate Interest in Husband's Real Estate.*—*Judicial Sale.*
—The inchoate interest of a married woman in her husband's land does
not become vested by judicial sale thereof upon a judgment rendered prior
to August 14th, 1875, R. S. 1881, sections 2508-9.

SAME.—*Husband and Wife.*—*Trust and Trustee.*—*Personal Property of Wife.*—
*Resulting Trust.*—Prior to July 24th, 1853, the personal property of the
wife belonged to the husband absolutely, and an agreement by him to
invest it in real estate for her was without consideration and void, and
real estate so purchased by him, the title to which was taken in his own
name, would not be subject to a resulting trust in her favor.

SHERIFF'S SALE.—*Redemption.*—*Mortgage.*—A purchaser of lands at sher-
iff's sale, taking a deed thereof, who afterwards takes an assignment of
a certificate of sheriff's sale made to satisfy a prior mortgage, must be
deemed only to have redeemed, and he holds title by virtue of his own
purchase, and not by virtue of such redemption.

SAME.—*Trust.*—*Notice.*—*Possession.*—Where lands are purchased at sheriff's
sale, the proper title being in the husband defendant, a resulting trust
in favor of the wife, of which the purchaser had no notice, can not be
enforced against the latter, and her mere residence on the land, with her
husband, would not be such possession as would charge him with notice.

TRUST AND TRUSTEE.—*Agreement.*—A resulting trust under section 2976,
R. S. 1881, must arise when the trustee takes title, and can not be created
by subsequent agreement, or by a subsequent use of the funds of the
*cestui que trust* in satisfying unpaid instalments of purchase-money.

From the Grant Circuit Court.

*J. F. McDowell, G. L. McDowell, J. A. Kersey* and *H. D.
Thompson,* for appellant.

*J. R. Wilson* and *H. Brownlee,* for appellees.

NIBLACK, J.—Elizabeth Westerfield, the plaintiff in this
case, complained that she was the wife of William D. West-
erfield, and that she and her said husband were in the pos-
session of, and residing upon, the northwest quarter of sec-
tion 35, in township 23 north, of range 6 east, in Grant county ;
that she was the equitable owner of the undivided five-ninths
of said tract of land; that the defendant Samuel J. Kim-
mer claimed to have become the purchaser of the entire tract

at a sheriff's sale, at which it was sold as the property of the said William D. Westerfield, and had caused a writ of possession to be issued and placed in the hands of Benjamin R. Norman, as the sheriff of Grant county, who, by virtue of said writ, was threatening to put her and her said husband out of the possession of said land.

Prayer for an injunction and partition.

Trial by the court; finding for the defendants; motion for a new trial overruled, and judgment on the finding.

The reasons assigned for a reversal of the judgment are, that the finding was not sustained by sufficient evidence, and was contrary to the law arising upon the facts established at the trial.

It was made to appear by the evidence, that the plaintiff and the said William D. Westerfield were married in the year 1839; that prior to the year 1853 the husband, William D. Westerfield, had purchased either the entire title to, or some undivided interests in, an eighty-one acre tract of land in Fayette county, for the whole of which he had ultimately to pay the aggregate sum of about $1,400; that on the 6th day of January, 1853, the plaintiff received from her father's estate, and as one of the legatees under his will, the sum of $500, which she, within the next two weeks, turned over to her said husband, with an understanding and agreement with him that said money was to be invested by him in real estate for her benefit; that the money was afterwards used by her said husband in paying for the tract of land so purchased by him, and on which they then resided, with the further understanding and agreement that the plaintiff was to have an interest in the land in proportion to the amount of money so furnished by her; that in July, 1864, the said William D. Westerfield purchased the land in controversy of one Kirkpatrick for the sum of $4,000, payable in instalments, and received a conveyance in his own name; that some months afterwards, that is, towards the close of the year 1864, he and the plaintiff sold the Fayette county land to one Weaver for the like sum of $4,000,

payable also in instalments, with the understanding and agreement between them that the plaintiff was to have the same proportionate interest in the land in Grant county that she had held in said Fayette county land; that thereupon the plaintiff and her husband went into possession of the Grant county land, and have ever since continued in the possession of the same; that the proceeds of the Fayette county land were substantially used in paying for the Grant county land; that on the 23d day of December, 1869, the said William D. Westerfield executed a mortgage on the land in suit to one Jacob W. Spencer, to secure the payment of a promissory note for $1,000; that in 1872 a judgment was rendered in the court of common pleas of Fayette county, in favor of the First National Bank of Cambridge City, and against the said William D. Westerfield as principal, and Samuel J. Kimmer, above named, as surety, for the sum of $643.80, a transcript of which judgment was afterwards, in September, 1872, duly filed and recorded in the office of the clerk of the common pleas court of Grant county; that in April, 1876, an execution was issued on that judgment directed to the sheriff of said county of Grant, who levied the same on the land described in the complaint in this case, and sold the same at sheriff's sale on the 26th day of August, 1876, to the said First National Bank of Cambridge City, executing to said bank a certificate of purchase for said land; that, on the 10th day of January, 1877, said bank assigned and transferred said certificate of purchase to the said Kimmer, who in due time received a sheriff's deed for the land in his own name, and who, at the September term, 1879, of the Grant Circuit Court, recovered a judgment against the said William D. Westerfield for the possession of said land on which a writ of possession had issued, and was then in the hands of Norman, as sheriff of said county of Grant; that at the time Kimmer purchased the sheriff's certificate of sale, issued to the bank, he had no knowledge of any claim of the plaintiff to the land described in it, and never heard of any such claim previous to the 5th day of March, 1880; that in

1876 the mortgage executed to Spencer in 1869 was, by a decree of the Grant Circuit Court, foreclosed against the said William D. Westerfield; that in January, 1879, the land described in the mortgage was sold by the proper sheriff upon the decree of foreclosure, to the plaintiff in that decree; that in January, 1880, before the time for redemption had expired, Kimmer redeemed the land from that sale by purchasing in, and taking an assignment of, the decree of foreclosure upon which the sale was made.

Upon these facts it is most earnestly contended that Mrs. Westerfield has become absolutely entitled to one undivided third part of the land mentioned in her complaint, as the wife of the said William D. Westerfield, under the act of March 11th, 1875, concerning the inchoate interests of married women in the lands of their husbands, and is also the equitable owner of one-third of the remaining two undivided third parts of said land as against Kimmer as well as her husband.

By the express terms of the act of 1875, to which reference is made, its provisions are only applicable to sales made on judgments which have been rendered since it went into effect. Section 2, Acts 1875, p. 179.

Kimmer's claim to title in this case rests upon the sheriff's sale made on the judgment rendered in favor of the bank in 1872, before that act was passed, and not on the decree of foreclosure entered in 1876. Hence, Mrs. Westerfield's interest remains an inchoate, and not an absolute, interest.

Under the circumstances, Kimmer's purchase of the decree of foreclosure operated as a cancellation, and not as an assignment, of the sheriff's certificate of purchase issued upon it, and for that reason Kimmer acquired no title under the sheriff's sale upon that decree.

We are, also, unable to see any ground upon which Mrs. Westerfield can base a claim to a resulting trust in the land in dispute. By the law in force in this State at the time she received money from her father's estate, that money instantly became the property of her husband, and hence constituted

no consideration for the alleged promise on the part of the husband, to invest it for her benefit.

The common-law rule, which gave to the husband absolutely the personal estate of the wife, continued in force in this State until the 24th day of July, 1853, when an act of the Legislature of that year, establishing a different rule, went into effect. *Buchanan* v. *Lee*, 69 Ind. 117; *Miller* v. *Blackburn*, 14 Ind. 62; *Holland* v. *Moody*, 12 Ind. 170.

No trust, therefore, resulted to Mrs. Westerfield in the Fayette county land, and, as a consequence, she acquired no separate interest in the Grant county land, having had no share in the money which went to pay for it.

To establish a resulting trust by oral testimony, in opposition to the face of a deed, the evidence must be clear and explicit. Facts must also be shown from which a trust resulted at the time the deed was made and the legal title vested in the grantee. Perry Trusts, section 133; *Fausler* v. *Jones*, 7 Ind. 277; *Turner* v. *First National Bank of Madison*, 78 Ind. 19.

The evidence in this case fairly tended to show that William D. Westerfield had purchased the Fayette county land before he received the money which came to his wife from her father's estate, and before he had any agreement with her as to the manner in which that money was to be invested. Consequently, no trust could have resulted in favor of the wife at the time he purchased that land.

The evidence failed to show notice, either actual or constructive, to Kimmer of Mrs. Westerfield's claim at the time he purchased the land sued for. That constituted a fatal objection to her right to recover. *Milner* v. *Hyland*, 77 Ind. 458. Her residence on the land with her husband did not amount to such a possession on her part as constituted notice of a separate and distinct claim to any portion of it. Her possession was, under the circumstances, simply and only the possession of her husband. 2 Bishop Married Women, section 135.

The judgment is affirmed, with costs.