Filed Dec. 18, 1883.

———————◆———————

No. 10,122.

## MEREDITH v. CITIZENS NATIONAL BANK ET AL.

.HUSBAND AND WIFE.—*Conveyance by Husband to Wife.*—*Action to Quiet Title.* —*Consideration.*—*Burden of Issue.*—Where a husband had purchased a tract of land in 1847, and in 1880 conveyed it to his wife, who brought an action against his creditors, who had acquired liens while he held it, on the ground that she had, during all that time, been the equitable owner of said land, the burden is upon her to show that she furnished the consideration with which such land was purchased.

.SAME.—*Trust and Trustee.*—*Statute Construed.*—In such case, where the husband paid a horse and buggy worth $100, and paid the balance of the price with money obtained from his father-in-law, who afterwards gave the wife the note made for the money, no trust arises, as such money is not the wife's, and if it were it became the husband's as soon as furnished under the law then in force. R. S. 1843, p. 145, sections 170–172. Nor would a trust arise where only a portion of the consideration was furnished.

.SAME.—*Indebtedness of Husband to Wife.*—A conveyance made by a husband to his wife in payment of an existing indebtedness, and accepted for such purpose, can not be assailed by his creditors. The mere fact, however, that the wife's father sent her a note against her husband which she destroyed without holding it against him as a claim, is not equivalent to a finding that he was thus indebted to her.

SAME.—*Fraudulent Conveyance.*—When a conveyance is made without consideration, it is not necessary to show that it was accepted for the purpose of defrauding creditors, in order to set it aside at their instance.

From the Decatur Circuit Court.

*J. S. Scobey* and *D. Watts*, for appellant.

*M. S. Robinson, J. W. Lovett, C. Ewing* and *J. K. Ewing*, for appellees.

BEST, C.—The appellant brought this action, alleging in her complaint that for the last twenty years she has been the

equitable owner of three several parcels of land, particularly described, situated in Decatur county, and that since the 2d day of October, 1880, she has been and yet is the legal owner of said land; that each of the appellees claims some interest in said lands adverse to the appellant by virtue of certain judgments received against Henry H. Meredith, and that such claims create a cloud upon her title. Prayer that the same be quieted.

An answer of three paragraphs was filed. The first was a general denial, and the others were special. A counter-claim was also filed against the appellant and Henry H. Meredith, her husband, alleging that the land belonged to him, and that he had conveyed it to the appellant, without consideration, and for the purpose of defrauding the appellees, who are creditors of said Henry H. Meredith. Prayer that said conveyance be set aside, and the land be subjected to the payment of their respective claims.

An answer in denial of the counter-claim, and a reply in denial of the special paragraphs of the answer were filed. The issues thus formed were referred to a master commissioner with directions to report the evidence and the facts, with his conclusions of law thereon. At the ensuing term of the court the master commissioner made a report of the facts, in substance, as follows: "That in the latter part of the year 1847 Henry H. Meredith purchased from Abraham Jordan 133 acres of land, the tract in dispute here, and on the 18th day of February, 1848, the same was conveyed by Jordan to him; that he paid Jordan a horse and wagon, estimated at $100, and paid upon a mortgage one Wallace then had upon the land $414; that about Christmas, 1847, Henry H. Meredith received from Nathan Berne, the father of his wife, $425, and gave his note to him for the same, and with this money paid the $414 to Wallace; that about two years afterwards said Nathan Berne sent the note of Meredith to appellant and made her a present of it; that she tore the name of Meredith from the note; kept the note as a relic until it

Meredith v. Citizens National Bank et al.

was lost, but never held it as a claim against him; that he took the title and retained it until the 2d day of October, 1880; that on the 28th of January, 1850, appellant traded a cow her father gave her for one acre of land, another parcel, and this was conveyed to Henry H. Meredith, though appellant always claimed it; that in 1854 or 1855 she received from the estate of a deceased brother $400, which was loaned to George Carver; that on the 16th day of November, 1858, Henry H. Meredith purchased of George Patrick forty acres of land, the remaining parcel, and paid him $400 for it, $100 of which he received from George Carver of the money so loaned him, and the balance he borrowed of George Jones; that in 1863 Nathan Berne died testate, bequeathing to appellant but $1, and in 1864 she received from her brother in compromise of a threatened suit to contest said will $500; that $300 of this money was paid to Jones, and the balance of it and the balance of the money loaned to Carver were used about the house, but for what purpose is unknown. She also received at one time $90 from an aunt and $30 from the sale of a cow given her by her father; that a part of her money was used in building a house and barn upon the 133 acre tract, but the exact amount is unknown; that appellant knew that the title to said tracts of land were in her husband, and she was willing the title should remain in him so long as he was not financially involved; that in 1878 he sold all of said land for about $7,000, received $800 of the purchase-money, gave bond for a deed, and took notes in his own name for the purchase-money; that afterwards said contract was rescinded, and said notes and bond were surrendered; that on the 2d day of October, 1880, said Henry H. Meredith, without consideration, conveyed said lands to John D. Armond, and said Armond and wife, on the same day, without consideration, conveyed the same to appellant; that no change was made in the possession, but the same remained under the control of said Meredith the same as before said conveyance was made; that said Meredith did not want to

put the title to said lands in his wife's name until compelled by his creditors, and for this reason the deeds were placed in the hands of an attorney, with instructions to withhold them from record until near the expiration of forty-five days, and that they were not recorded until November 12th, 1880; that appellant did not request the lands to be conveyed to her until September, 1880, and before that time Henry H. Meredith became indebted to the Citizens National Bank in the sum of $580, to Charles and Lewis Zollar in the sum of $250, and to David Brown in the sum of $400, all of which were afterwards reduced to judgments; that from the 1st day of November, 1878, until the 26th day of April, 1880, Henry H. Meredith was in partnership with Abel Ewing in the Leitz House Hotel; that he then bought out the latter and assumed to pay the debts, which were estimated at $600 or $700, but they were much more, and that Meredith had already paid on them $2,200; that before making the deed to the land he had sold his other property, and was not then worth over $600; that before these deeds were made he told appellant that he was 'tangled' with the invoice debt at the Leitz House; that 'he was badly in debt and he thought he could not pay out,' but it was not shown that she knew of any other debt; that the debts of the bank and of the Zollars were made upon the belief that Henry H. Meredith owned said lands, and that he had at all times promised her to convey said lands to her upon request; that the value of the land on the 2d day of October, 1880, was $20 per acre, and the value of the improvements was $900."

On the facts thus found, the master commissioner concluded that the conveyance of the forty acre tract of land was valid, and the conveyance of the one hundred and thirty-three acre tract and the one acre tract was fraudulent and void as against the creditors of Henry H. Meredith, and stated conclusions of law accordingly. The appellant filed various exceptions to the conclusions of law and fact, but these were all overruled as to the one hundred and thirty-three acre tract. The

·court then rendered a judgment upon the report, adjudging the one hundred and thirty-three acre tract to be subject to ·the appellee's judgments, but quieting the appellant's title to the remaining tracts. Thereupon, the appellant moved for a new trial on the ground that the finding was not supported ·by the evidence and was contrary to law, but this motion was likewise overruled.

These rulings are assigned as error in this court.

The first question presented is whether the appellant has been the equitable owner of the parcel in dispute from the ·time her husband purchased and paid for it until his convey-.ance on October 2d, 1880? The appellant maintains that she was, and upon this theory sought to quiet her title against the claims of the appellees. This position can not be maintained. The law in force at the time the deed was made to Henry H. Meredith provided that where a conveyance, for .a valuable consideration, shall be made to one person, and the ·consideration therefor shall be paid by another, no trust shall .arise unless the alienee takes an absolute conveyance in his ·own name without the consent or knowledge of the person with whose money the consideration was paid. R. S. 1843, p. ·445, sections 170–172. The facts found do not bring the appellant within this rule of law. She did not furnish the con-.sideration, and hence a trust did not arise. Her husband paid $100 in property and the balance in money, which he ·obtained from the appellant's father. It was not found that ·the money so procured was the appellant's, and in the absence of such finding it must be regarded as the money of ·the husband. Thus regarded no trust could arise. If the money procured from the father-in-law is to be regarded as ·the money of appellant, the result is the same. The husband having paid a portion of the consideration, no trust can arise ·in such case in the absence of an agreement or understanding to the contrary. *Brookville Nat'l Bank* v. *Kimble*, 76 Ind. 195. Again, if the money is regarded as belonging to appellant, it became the husband's as soon as received, by virtue of

the law then in force in this State, and no trust arose. *Buchanan* v. *Lee*, 69 Ind. 117; *Holland* v. *Moody*, 12 Ind. 170; *Westerfield* v. *Kimmer*, 82 Ind. 365.

It is not found, however, that this money belonged to the appellant, and hence there is no ground upon which it can be insisted that she was the equitable owner of said land. We are of opinion, upon the facts found, that Henry H. Meredith was the owner of said land until his conveyance as aforesaid.

It is next insisted that Henry H. Meredith was indebted to the appellant for the money furnished him by her father, and that such conveyance was made in consideration of such indebtedness. If so, and such conveyance was accepted for such purchase alone, the same can not be assailed by his creditors. *Brookville Nat'l Bank* v. *Kimble, supra*, and authorities cited.

The facts found, however, do not show any indebtedness. It is found that the father, about two years after he furnished the money, sent the note to the appellant, but she destroyed it without treating or regarding it, or the money which it represented, as a claim against her husband. This is not a finding that the husband was indebted to the appellant, nor was it found that such conveyance was made in consideration of such indebtedness or of any indebtedness. The facts found, we think, show that the appellant was a volunteer, and that the land in question was conveyed to her without consideration. It is true that the note was sent her, and that it represented $425, but she did not hold it as a claim against her husband, and the disposition that was made of it evinced no intention to treat it as a subsisting obligation upon the part of the husband. Some money was used in the family and some on building the house and barn, but no debt existed against him for this money, because it was not so intended— at least it is not so found. The facts found, as before stated, do not show a conveyance for value, and therefore this conveyance is void as against creditors.

The appellant also insists that the conveyance can not be set aside until it is shown that she participated in the alleged fraudulent intent of her husband. This is not necessary where the conveyance is made without consideration. *Spaulding* v. *Blythe*, 73 Ind. 93, and authorities cited.

Various other propositions are discussed, but as all of them are based upon the assumption that the facts found show that the appellant is a purchaser for value, the conclusion we have reached upon that question renders it unnecessary for us to notice them. For these reasons we think the court did not err in overruling the appellant's exceptions to the report of the master commissioner.

The appellant also insists that the facts found are contrary to the evidence; but we think the evidence justified the finding, and there was no error in overruling the motion for a new trial. There is no error in the record, and the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be affirmed, at the appellant's costs.

Filed Mar. 14, 1883. Petition for a rehearing overruled Dec. 21, 1883.