Filed Jan. 22, 1884.

---

No. 9024.

## PAULUS ET AL. *v.* LATTA.

MARRIED WOMAN.—*Quieting Title.—Husband and Wife.—Mortgage.—Trust and Trustee.—Notice.—*Where a husband, holding lands in implied trust for his wife, mortgages the same to secure his own debt, the wife refusing to join in the mortgage, she can not quiet her title as against the mortgagee, unless the latter had notice of the trust, and her residence on the land with her husband and family would not be notice.

SAME.—*Wife's Inchoate Estate.*—The inchoate interest of a wife in her husband's lands can not be the subject of a suit by her to quiet title.

SAME.—*Complaint.—Prayer for Relief.*—Where by her complaint no demand is made by a wife for equitable relief as to her inchoate interest in her husband's lands, but she claims that her husband held the lands in trust for her, and seeks to quiet her title as against a mortgagee, the complaint is not good on demurrer, to remove the cloud upon such inchoate interest.

CONTRACT.—A contract to which one is not a party, and with which he had nothing to do, can not affect his rights in the thing to which the contract relates.

JUDGMENT.—One who was not served with process, and did not appear, is not bound by the judgment rendered in the cause.

From the Rush Circuit Court.

*G. C. Clark, G. B. Sleeth, W. W. Herod, F. Winter* and *J. W. Study,* for appellants.

*W. A. Cullen, B. L. Smith* and *C. Cambern,* for appellee.

. BICKNELL, C. C.—This was a suit by the appellee, a married woman, to charge her husband, as her trustee, and to correct a misdescription of land, and to quiet her title thereto against a mortgage made by her trustee to secure his own debt.

Certain judgment creditors of the husband were made co-defendants on their own petition, and they filed answers.

Daniel Paulus, the mortgagee, demurred to the complaint, for want of facts, etc. His demurrer was overruled.

The husband and all the adult defendants, concerned in the misdescription only, were defaulted.

There was a trial by jury upon complaint, answers, replies, cross complaint of Paulus, and an answer thereto. The cross complaint of Paulus demanded the foreclosure of his mortgage. The appellee's answer thereto was a general denial, and a denial under oath of the execution of the mortgage.

The jury returned a verdict against all the defendants, with a finding in favor of Paulus, against the husband, for his mortgage debt.

The separate motion of Paulus for a new trial, and the joint motion of the judgment creditors for a new trial were overruled. Judgment was rendered on the verdict that the misdescription be corrected and the appellee's title quieted, and that the judgments of the husband's creditors were not liens on the plaintiff's land, and foreclosing the mortgage of Paulus as to all the land covered thereby except the land held in trust, and awarding costs in favor of the appellee against all the defendants.

The defendants Paulus and the judgment creditors separately and jointly "objected and excepted to said verdict, judgment and decree," and they jointly appealed.

Paulus assigned as errors:

1. The complaint does not, as against him, state facts sufficient to constitute a cause of action.

2. Error in overruling his demurrer to the complaint.

3. Error in overruling his motion for a new trial.

The other appellants assign as error:

Overruling their motion for a new trial.

The complaint states, in substance, that the appellee's father agreed with her that if she would remove from Kentucky to Rush county, Indiana, he would convey to her fifty-eight acres of land in said county; that she did so remove and was put in possession of said land by her father, and continued to live thereon with her husband and family until 1865; that in 1856, while she was thus in possession, her father, intending to comply with his said contract, but in contravention thereof, and without her knowledge or consent, made a deed for said land to her husband, who, at all times, recognized her as the owner; that believing herself to be such owner she continued in possession as owner, and made permanent improvements of the value of $2,000; that in 1865 her husband proposed to her to sell said land, and with its proceeds buy part of her father's old homestead, and take the title thereto in her own name; that she agreed thereto, sold said fifty-eight acres, and, through her husband, who acted as her agent, bought from one Stevens, the undivided two-thirds of said homestead, to wit, eighty acres; that all the purchase-money of said eighty acres was paid by her; that her husband, without her knowledge or consent and wrongfully, procured the deed therefor to be made to him and put it on record; that the other one-third of said homestead was owned by Augustus Tevis, who had made with Stevens an oral partition, under which he took that part of the homestead lying north of a certain road, and Stevens took his two-thirds on the south of said road; that immediately after said purchase, in 1865, the appellee, supposing herself to be the owner of said eighty acres on the south of said road, moved on to the same and has ever since resided thereon with her husband and family; that in January, 1871, her husband and the defendant Paulus applied to her to execute a mortgage on said eighty acres to said Paulus for $1,600, which she refused to do; that after such refusal her husband mortgaged said land to Paulus for $1,600, to secure his own note for that amount;

Paulus *et al. v.* Latta.

that Paulus took said mortgage with full knowledge that she had not executed it, but had refused so to do; that the mortgage purported to be signed and acknowledged by her, but that she never signed it, nor authorized anybody to sign it for her; that she never acknowledged it, but expressly refused to sign or acknowledge it, as said Paulus well knew; that she never knew her husband had taken the title to said eighty acres in his own name until 1875.

The complaint contains proper allegations as to the misdescription, and prays that appellee be declared the sole owner of said eighty acres, and that said mortgage be declared void as to her, and be entered satisfied of record as to said eighty acres.

The removal from Kentucky to Indiana was a sufficient consideration for her father's contract to convey to her the land. *Hardesty* v. *Smith*, 3 Ind. 39; *Greene* v. *Bartholomew*, 34 Ind. 235.

There was a sufficient part performance of the contract to take it out of the statute of frauds. *Lafollett* v. *Kyle*, 51 Ind. 446; *Haddon* v. *Haddon*, 42 Ind. 378; *Law* v. *Henry*, 39 Ind. 414.

The consideration for the fifty-eight acres having been paid by the wife, and the husband having taken the deed therefor in his own name without her consent, he became her trustee therefor. 1 R. S. 1876, p. 915, sections 6 and 8; *Malady* v. *McEnary*, 30 Ind. 273; 1 Perry Trusts, section 126; *Watkins* v. *Jones*, 28 Ind. 12. And under the allegations of the complaint, the appellee having paid the entire consideration for the eighty acres, and the deed therefor having been taken by the husband in his own name, without her knowledge or consent, he became her trustee for the eighty acres. *Watkins* v. *Jones, supra; Davis* v. *Davis*, 43 Ind. 561. His mortgage of the trust property to Paulus was fraudulent; if the complaint had averred that Paulus, when he advanced his money and took his mortgage, had notice of the secret equity of the appellee, it would have stated a good

cause of action against Paulus, but there is no such averment, the complaint states only that the appellee refused to sign the mortgage and did not sign or acknowledge it, and that Paulus, when he took the mortgage, knew she had refused to sign it. The complaint shows that Paulus was a purchaser for a valuable consideration; such a trust can not be enforced against him, unless he had notice of it. R. S. 1881, section 2970; *Rooker* v. *Rooker,* 75 Ind. 571; *Milner* v. *Hyland,* 77 Ind. 458. The mere fact that the wife was living on the land with her husband and family would not charge Paulus with notice. *Westerfield* v. *Kimmer,* 82 Ind. 365.

The court therefore erred in overruling the demurrer of Paulus to the complaint.

The appellee suggests that the complaint contains a good cause of action against Paulus to remove the cloud upon her inchoate interest as the wife of the defendant Latta. But such inchoate interest is not a present estate, it cannot be conveyed by itself. *McCormick* v. *Hunter,* 50 Ind. 186. It gives no right of entry. *Strong* v. *Bragg,* 7 Blackf. 62. It is not the subject of an action; it constitutes no diminution of the husband's present estate; he may convey his entire estate without her, and the purchaser will hold it subject only to be divested of one-third of it on certain contingencies. *May* v. *Fletcher,* 40 Ind. 575. And her joining in the conveyance of his estate would simply bar the contingencies upon which she might have acquired a vested interest. *May* v. *Fletcher, supra; Hudson* v. *Evans,* 81 Ind. 596; 1 Cruise Dig. 158; 4 Kent Com. 61. In *Taylor* v. *Stockwell,* 66 Ind. 505, and *Baker* v. *McCune,* 82 Ind. 339, it was held that the act of 1875 neither enlarged nor abridged the inchoate interest of the wife, but merely provided that the same should become vested on another contingency.

In *Leary* v. *Shaffer,* 79 Ind. 567, it was held that where a husband and wife had joined in a mortgage of the husband's land, and her inchoate interest had become absolute upon his adjudged bankruptcy, she, upon foreclosure, had a right to a

decree that the husband's two-thirds should be first sold, if it appeared that such two-thirds would satisfy the debt.

In *May* v. *Fletcher, supra,* it was held that where a wife executes a mortgage with her husband, not for purchase-money, her inchoate right is a sufficient equity to enable her to redeem, and that since 1852 the wife may redeem where the husband alone has executed a mortgage for purchase-money. The court said: "The statute places a wife in the same situation in respect to lands mortgaged for purchase-money, where she has not joined in the mortgage, that she occupies in respect to lands mortgaged not for purchase-money, where she has joined in the mortgage. * Her right of redemption is equally clear in both cases." This was approved in *Leary* v. *Shaffer, supra,* but the ruling in these cases does not affect the present suit.

The appellee, neither in her complaint nor in her answer to the cross complaint of Paulus, demanded any equitable relief as to her inchoate interest in her husband's land. That question, therefore, is not in this case.

The appellants, other than Paulus, were judgment creditors of the husband. They were made defendants on their own petitions. They answered by general denials and by special defences. The special defences stated that a part of the consideration of the fifty-eight acres was paid by Latta, and that the eighty acres were conveyed to Latta, with the consent of the appellee, for $5,900, of which Latta paid with his own means $3,000; that their judgments were liens on the land, and that the title thereto ought not to be disturbed.

One of the judgment creditors answered further that there was a partition of the lands of which the appellee's father died seized, among his heirs, and that in said suit said Latta was required to refund, on account of having received said fifty-eight acres, the sum of $258 to make equality of partition.

To these special answers the appellee replied in denial. The jury returned the following verdict: "We, the jury, find for the plaintiff, Melissa Latta, against her husband."

" We further find that the plaintiff did not execute the mort-gage to Daniel Paulus, and that the judgments of Benjamin Owen, Amos Allison, Alfred Thompson, Edward H. Crippin and Lloyd McGinnis are not liens on the land in controversy. We further find that the plaintiff is entitled to have the description of the land in controversy corrected as prayed for in the complaint, and the title quieted in her. We further find that there was a parol partition of the lands owned by William Stevens and wife and Augustus Tevis before said lands were conveyed to Alexander W. Latta, as set forth in the complaint. It was a part of the judgment of the court below that the judgments held by the said Benjamin Owen, Amos Allison, Alfred Thompson, Edward H. Crippin and Lloyd McGinnis are not liens on the land in controversy."

The result hereinbefore reached as to Daniel Paulus renders it unnecessary to consider any of the other errors assigned by him.

The judgment creditors presented fourteen reasons for a new trial.

The first two are that the verdict, as to these defendants, is not sustained by sufficient evidence, and is contrary to law.

There was evidence tending to sustain the verdict as to these defendants; therefore it can not be disturbed. *Davis* v. *Nicholson,* 81 Ind. 183. And it was not as to these defendants contrary to law.

The other twelve reasons allege improper exclusion of evidence.

The first of these complains of the exclusion of a written contract between Daniel H. Tevis and Alexander W. Latta in reference to the fifty-eight acres. There was no error in this; the appellee was not a party to the contract, and knew nothing about it; her rights under the contract with her father could not be affected by a contract between him and any other person.

The next nine of these reasons for a new trial complain of

Paulus *et al. v.* Latta.

the exclusion of the record and files in a partition suit between the heirs of Daniel H. Tevis. There was no error in excluding these, because the appellee, although she was made a party defendant, was not personally present in court and did not appear by attorney, and the record shows that process was not served upon her; she, therefore, was not bound by the proceedings. Jurisdiction of the person of a defendant can be acquired only by the issuing of a summons and the service thereof in one of the modes provided by statute, or by his voluntary appearance in court in person or by attorney, and submitting to the authority of the court. *McCormack* v. *First Nat'l Bank of Greensburgh,* 53 Ind. 466.

The two remaining reasons for a new trial complain of the exclusion of the record and files in the case of *Brown et al.* v. *Latta.* These also were rightly excluded, because the appellee was not a party to these proceedings.

There was, therefore, no error in overruling the motion of the appellants, the judgment creditors, for a new trial; as to them the judgment should be affirmed, with costs; but the judgment as to the defendant Paulus should be reversed for the error in overruling his demurrer to the complaint.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below, as to the appellants Benjamin Owen, Amos Allison, Alfred Thompson, Edward H. Crippin and Lloyd McGinnis, be and it is hereby in all things affirmed, at their costs, and that the judgment of the court below, as to the appellant Daniel Paulus, be and is hereby in all things reversed, at the costs of the appellee, and this cause is remanded, with instructions to the court below to sustain the demurrer of said Daniel Paulus to the complaint.

Filed Jan. 11, 1884.