Filed March 24. 1896.

---

No. 17,868.

WAYMIRE ET AL. *v.* WAYMIRE.

TRUST.—*Husband and Wife.—Personal Property of Wife.—Common Law Rule.*—No resulting trust can arise in favor of a married woman in land purchased with her money by her husband in his own name, prior to the passage of the act of July 24, 1853, changing the common law rule, that the personal property of a wife belongs to her husband.

PLEADING. — *Partition of Land.*— *Answer of the Twenty Years' Statute of Limitations.*—A plea setting up the twenty years' statute of limitations, in an action to partition land, is good as a plea of the fifteen years' statute of limitations.

From the Madison Circuit Court.

*F. S. Ellison,* for appellants.

*H. D. Thompson* and *Goodykoontz & Ballard,* for appellee.

HOWARD, J.—This was an action for partition of real estate, brought by the appellants against the appellee. The complaint was in three paragraphs, the first being a simple plea for partition, setting out a description of the land and the respective interests of the parties therein. In the second and third paragraphs of the complaint, the appellants set up the source of the claim of title under which they alleged ownership of the undivided two-thirds of the land.

On the overruling of a demurrer to the complaint, the appellee filed his answer in two paragraphs, the first being a general denial, and the second a plea of the twenty years' statute of limitations.

To the paragraph of answer pleading the statute of limitations, a demurrer was overruled; and this ruling is assigned as error. In this paragraph of answer the appellee averred that for more than thirty years prior to the commencement of the suit.he had been in the peaceable and undisturbed possession of the land sought to be partitioned; that during all that time he claimed to be the absolute owner of said land in fee simple; and that the appellants all had knowledge of such possession and claim of ownership; that, therefore, appellants' cause of action, if any there were, accrued more than twenty years before the commencement of this suit.

Appellants contend that the twenty years' statute of limitations here claimed as a bar to the action does not apply; that the suit being for the partition of land, only the fifteen years' statute of limitations could be pleaded.

We do not think that appellants' contention can prevail. It is true, that in *Nutter* v. *Hawkins*, 93 Ind. 260, where an action for partition was brought, and where answers were filed averring that the cause of action had not accrued within five years, or within fifteen years, or within twenty years, the court held that only the statute of limitations of fifteen years applied, and that it was not error, therefore, to have sustained demurrers to the other answers. There, however, as a matter of fact, the fifteen years' statute applied, while the twenty years' statute did not. It appeared that the cause of action accrued May 19, 1863; while the action for partition was not brought until December 18, 1882, less than twenty years. That case is, therefore, not authority for holding that if the twenty years' statute is well pleaded, it will not be good as to a limitation for fifteen years, or for any less period. While the fifteen years' statute is the proper one to be pleaded in bar of an action for a partition of lands; yet a plea of the twenty years' statute to such an action will also be good. The burden of proof assumed in making the twenty years' plea is greater; but if one chooses to show that he has been for twenty years in quiet possession of land, claiming to be the owner, when proof of fifteen years would have been sufficient, that is for the pleader alone to determine. If the defendant has, in fact, been in possession for twenty years, he may, for some reason deemed by himself sufficient, desire to plead and prove that fact, and we can see no reason why he should not be permitted to do so.

But this question has been expressly decided against the contention of appellants, in the case of *McCray* v. *Humes*, 116 Ind. 103; and counsel have shown us no good reason why we should now depart from the holding there made. If one has been in possession of land for twenty years, he has been in possession for fifteen years; the greater period includes the less.

The other matters discussed by counsel call in question the correctness of the court's action in overruling the motion for a new trial. It is very doubtful whether what is called the bill of exceptions containing evidence is in the record, and, consequently, whether any of the questions so attempted to be raised by this assignment of error are properly before the court.

Certainly the question as to the alleged error of the court "in refusing to set the trial before a jury, and to be tried by a jury," is not before us. No ruling or refusal to rule upon the subject appears anywhere in the papers filed in the case.

If the evidence is in the record, it shows, as we think, that at the time of the purchase of the land in question the appellee paid for it himself, in part cash, and in part by his own note; and also that he took the deed for the land in his own name, and has so held it ever since. It is true, that some evidence offered by appellants tended to show that appellee's wife, since deceased, and through whom appellants claim title to the land, gave to her husband, out of the proceeds of property received from her father's estate, the money which he paid for the land; and that the land thus purchased by him was consequently held in trust for her. This was, however, in the year 1849, and hence during the time when, according to the rule of the common law, the personal property of a wife belonged

solely to her husband. It was not until the act of July 24, 1853, that a different rule was adopted in this State, and that it was declared that such personal property remained her own. Section 2649, R. S. 1894, (section 2488, R. S. 1881). No trust could, therefore, result to appellee's wife in the land thus purchased by him, even if purchased by money thus received from her, which, moreover, we do not think is shown to have been the fact. See *Westerfield* v. *Kimmer*, 82 Ind. 365.

Some other questions are discussed by counsel; but we do not think there is anything in the record to show why the judgment of the trial court should be reversed.

Judgment affirmed.

Filed March 24, 1896.